## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UHS OF DELAWARE, INC.

      Plaintiff,

v.

UNITED HEALTH SERVICES, INC.,

      Defendant.

Case No. 1:12-cv-00485

The Honorable Christopher C. Conner

Electronically Filed

## DEFENDANT UNITED HEALTH SERVICES, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................ii

I. PROCEDURAL HISTORY ................................................................................1

II. STATEMENT OF FACTS ................................................................................1

III. STATEMENT OF QUESTION INVOLVED....................................................3

IV. LEGAL STANDARD FOR MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION....................................................................................3
   A. General Jurisdiction and Specific Jurisdiction ...............................................4

V. LEGAL ARGUMENT........................................................................................6
   A. Plaintiff's Complaint should BeDismissed for Lack of Personal Jurisdiction.6

     1. Plaintiff Cannot Establish General Jurisction Over Defendant....................7

     2. Plaintiff Cannot Establish Specific Jurisdiction Over Defendant ..............13

       a. Activities Have Not Been Purposefully Directed at the Forum ............13

       b. The Alleged Infringement Did Not Occur in Pennsylvania ..................16

       c. The Exercise of Personal Jurisdiciton Would Offend the "Traditional
         Notions of Fair Play and Substantial Justice .........................................18

VI. CONCLUSION..............................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc.,*
   237 F. 3d 198 (3d Cir. 2000) ............................................................................... 17

*Accuweather, Inc. v. Total Weather, Inc.,*
   223 F. Supp. 2d 612 (M.D. Pa. 2002) ................................................................... 7

*Burger King Corp. v. Rudzewicz,*
   471 U.S. 462 (1985) ............................................................................................. 13

*Burke v. Quartey,*
   969 F. Supp. 921,924 (D.N.J. 1997) ..................................................................... 4

*Carpenter v. Exelon Corp.,*
   No. 14-07-00149-CV, 2007 Tex. App. LEXIS 8348 (Tex. App. Oct. 23,
   2007) ...................................................................................................................... 15

*Clark v. Matsushita Electric Indus. Co.,*
   811 F. Supp 1061 - 65 (M.D. Pa. 1993) ................................................................ 4

*Daniel v. Am Bd. of Emergency Med.,*
   988 F. Supp. 127 (W.D.N.Y. 1997) ..................................................................... 11

*Dayhoff Inc. v. H.J. Heinz Co.,*
   86 F.3d 1287 (3d Cir. 1996) ................................................................................. 4

*Evers v. Coryn Grp,*
   No. 08-CV-6032, 2011 U.S. Dist. LEXIS 47246 (E.D. Pa. May 2, 2011) .......... 5

*Gen. Elec. Co. v. Deutz Ag.,*
   270 F.3d 144 (3d Cir. 2001) ................................................................................. 4

*Gideons Int'l, Inc. v. Gideon 300 Ministries, Inc.,*
   94 F. Supp. 2d 566 (E.D. Pa. 1999) ..................................................................... 16

*Harlow v. Children's Hospital,*
   432 F. 50 (1st Cir. 2005) ....................................................................................... 18

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
  466 U.S. 408 (1984)...................................................................................4, 16

*Henning v. Suarez Corp.,*
  713 F. Supp. 2d 459 (E.D. Pa. 2010).....................................................8

*Hershey Co. v. Pagosa Candy Co.,*
  No. 1:07-CV-1363, 2008 WL 1730538 (M.D. Pa. Apr. 10, 2008) ...................12

*Hlavac v. DGG Props.,*
  No. 04-6112, 2005 U.S. Dist. LEXIS 6081 (E.D. Pa. Apr. 8, 2005) .................5

*Hurley v. Cancun Playa Oasis Int'l Hotels,*
  No. 99-574, 1999 U.S. Dist. LEXIS 13716 (E.D. Pa. Aug. 31, 1999).................5

*IMO Indus., Inc. v. Kiekert AG,*
  155 F.3d 254 (3d Cir. 1998) .................................................................4

*In re Chocolate Confectionary Antitrust Litig.,*
  674 F. Supp. 2d 580 (M.D. Pa. 2009)......................................................7

*In Re: Enterprise Rent-A-Car Wage & Hour Empl't Practices Litig.,*
  735 F. Supp. 2d 277 (W.D. Pa. 2010) ....................................................14

*ISI Brands, Inc. v. KCC Int'l., Inc.,*
  458 F. Supp. 2d 81 (E.D. N.Y. 2006).....................................................17

*Kehm Oil Co. v. Texaco, Inc.,*
  537 F. 3d 290 (3d Cir. 2008) ................................................................6

*Liko AB v. Rise Lifts Inc.,*
  625 F. Supp. 2d 250 (E.D. Pa. 2008)......................................................16

*Mellon Bank PSFS, Nat'l Ass'n v. Farino,*
  960 F.2d 1217 (3d Cir.1992) ................................................................4

*Molnlycke Health Care AB v. Dumex Med. Surgical Prods., Ltd.,*
  64 F. Supp. 2d 448 (E.D. Pa. 1999)........................................................12

*Nelson v. Mass. Gen. Hosp.,*
  04-CV-5382, 2007 U.S. Dist. LEXIS 70455 (S.D.N.Y. Sept 20, 2007)...............
  ...............................................................................................10, 11, 12

*Nelson v. Mass. Gen. Hosp.*,
   299 Fed. Appx. 78 (2d Cir. 2008)...............................................................10, 11

*O'Connor v. Sandy Lane Hotel Co.*,
   496 F.3d 312 (3d Cir. 2007) .......................................................................6

*Planet Goalie, Inc. v. Monkeysports, Inc.*,
   No. 1:10-CV-2629, 2011 U.S. Dist. LEXIS 98578 (M.D. Pa. Sept. 1,
   2011) ...........................................................................................7, 13, 14, 15

*Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*,
   819 F.2d 434 (3d Cir. 1987) ....................................................................5, 7

*Resnick v. Manfredy*,
   52 F. Supp. 2d 462 (E.D. Pa. 1999).........................................................4, 12

*Sawtelle v. Farrell*,
   70 F. 3d 1381 (1st Cir. 1995).......................................................................19

*Snyder v. Dolphin Encounters, Ltd.*,
   235 F. Supp. 2d 433 (E.D. Pa 2002)...........................................................5

*Time, Inc. v. Petersen Publ'g Co.*,
   173 F.3d 113 (2d Cir. 1999) .......................................................................16

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*,
   735 F.2d 61 (3d Cir. 1984) .........................................................................4

*Wolf v. Richmond County Hospital Authority*,
   745 F. 2d 904 (4th Cir. 1984) .....................................................................10

*World Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980)......................................................................................18

*Zippo Mfg. Co. v. Zippo Dot Com*,
   952 F. Supp. 1119 (W.D. Pa. 1997) ...............................................6, 13, 14

## STATUTES

15 U.S.C. § 1114........................................................................................16

15 U.S.C. § 1114(1)....................................................................................17

15 U.S.C. § 1125(a) ...............................................................................16, 17

CPLR § 301 .................................................................................................................. 12

Internal Revenue Code Section 501(c)(3) ................................................................. 2

**OTHER AUTHORITIES**

Disclosure Statement, Docket Entry No. 10 .............................................................. 2

Federal Rule of Civil Procedure 12(b)(2) .............................................................. 1, 3

Local Rule 7.8 ............................................................................................................ 21

Rule 7.1 ........................................................................................................................ 2

www.uhs.net ................................................................................................................. 1

Defendant United Heath Services, Inc. ("Defendant"), by its undersigned counsel, submits the following Memorandum in Support of its Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2).

## I.   PROCEDURAL HISTORY

Plaintiff UHS of Delaware, Inc. ("Plaintiff") filed the present action on March 16, 2012 against Defendant. At Paragraph 6 of the First Amended Complaint (the "Complaint"), Plaintiff alleges that Defendant:

> 1) regularly conducts business within the Commonwealth of Pennsylvania, including without limitation in this district; and,
>
> 2) has committed, and continues to commit acts of infringement within the Commonwealth of Pennsylvania, including without limitation in this district.

The Complaint was served on April 30, 2012.

## II.   STATEMENT OF FACTS

The various causes of action in the Complaint relate to Defendant's use of the name and mark UHS.[1] Defendant is a "passive" parent corporation of an organized health care system[2] that serves the southern tier of New York. Defendant is incorporated as a New York not-for-profit corporation which also is a tax-

---

[1] Defendant was founded in 1981. *See* Declaration of Robert Gomulka ("Gomulka Declaration") at ¶4, concurrently filed in support of this Motion. In July of 1997, Defendant registered the domain name www.uhs.net. Gomulka Declaration at ¶ 7.

[2] *See infra* discussion and Gomulka Declaration at ¶ 3.

exempt public charity under Internal Revenue Code Section 501(c)(3).   As discussed below, Defendant is affiliated with a number other New York not-for-profit corporations (subsidiaries) that provide a panoply of health care services including: inpatient and outpatient hospital services; patient clinics; school based clinics; a New York certified home health agency; a New York licensed home health agency and durable medical equipment provider; senior nursing and living facilities; and, a foundation that raises funds for needed equipment, community outreach programs, and other necessary resources to serve the communities in the southern tier of New York. Defendant, and all of its affiliated New York not-for-profit corporations and their facilities, are incorporated, located and operated from the state of New York. Conversely, Plaintiff has no facilities in New York.[3] Gomulka Declaration at ¶¶ 3 and 4.

Defendant does not provide any health care services to patients, or any services of any kind in and/or to Pennsylvania, and Defendant plays no active role in any of its subsidiaries day to day governance or operations. Gomulka Declaration at ¶¶ 3 and 6. Defendant's Board of Directors is separate and independent from its subsidiaries. Defendant:

---

[3] Plaintiff is the wholly owned subsidiary of a publicly traded company (Plaintiff's Rule 7.1 Disclosure Statement, Docket Entry No. 10), and according to its own website, Plaintiff has no New York facilities. A copy of the relevant page from Plaintiff's website is attached as Exhibit "1".

- Is not incorporated nor licensed in Pennsylvania;

- Does not file tax returns in Pennsylvania;

- Does not maintain any offices in Pennsylvania;

- Does not keep any bank accounts in Pennsylvania;

- Does not own any land or property in Pennsylvania;

- Does not advertise to Pennsylvania markets;

- Possesses no agents in Pennsylvania;

- Does not provide services of any kind in and/or to Pennsylvania; and,

- Has no operations in Pennsylvania. Gomulka Declaration at ¶ 6.

Defendant has not participated in any activities that subject it to personal jurisdiction in Pennsylvania.   For the reasons discussed below, Defendant respectfully moves this Court to dismiss Plaintiff's Complaint, because of the lack of personal jurisdiction over Defendant.

## III.   STATEMENT OF QUESTION INVOLVED

Does Plaintiff fail to demonstrate that this Court has personal jurisdiction over Defendant?

Suggested Answer: YES.

## IV.   LEGAL STANDARD FOR A MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Once a defendant challenges personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that

jurisdiction exists. *Gen. Elec. Co. v. Deutz Ag.*, 270 F.3d 144, 150 (3d Cir. 2001); *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 257 (3d Cir. 1998); *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). To meet this burden, the plaintiff must come forward with competent evidence establishing with reasonable particularity sufficient contacts between the defendant and the forum state. *Mellon Bank PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir.1992).

A plaintiff may not merely "rely on bare pleadings, but must produce competent evidence to establish 'with reasonable particularity' the nature and extent of the defendant's contacts with the forum state." *Burke v. Quartey*, 969 F. Supp. 921,924 (D.N.J. 1997) (citing *Patterson v. FBI*, 893 F.2d 595, 603-04 (3d Cir. 1990)); *see also Resnick v. Manfredy*, 52 F. Supp. 2d 462, 466 (E.D. Pa. 1999).

If the allegations in the complaint are controverted by affidavit, the factual assertions of the defense prevail unless the plaintiff provides conflicting evidence to support the allegations of the complaint. *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n. 9 (3d Cir. 1984); *and see Clark v. Matsushita Electric Indus. Co.*, 811 F. Supp 1061, 1064 - 65 (M.D. Pa. 1993).

## A.    GENERAL JURISDICTION AND SPECIFIC JURISDICTION

The two types of personal jurisdiction are general jurisdiction and specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984).

A defendant must carry on "a continuous and systematic part of its business within [the] Commonwealth" in order for general jurisdiction to exist. *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). "Contacts are continuous and systematic if they are extensive and pervasive." *Snyder v. Dolphin Encounters, Ltd.*, 235 F. Supp. 2d 433, 437 (E.D. Pa 2002) (citation omitted). "Proof of general jurisdiction must meet a 'higher threshold' than specific jurisdiction, which requires 'extensive and persuasive' factual allegations." *Hlavac v. DGG Props.*, No. 04-6112, 2005 U.S. Dist. LEXIS 6081, at *8 (E.D. Pa. Apr. 8, 2005) (citation omitted); *and see Evers v. Coryn Grp*, No. 08-CV-6032, 2011 U.S. Dist. LEXIS 47246 (E.D. Pa. May 2, 2011) (holding that general jurisdiction was not present where the foreign corporation had no office, employees, address, assets, property, or bank accounts in Pennsylvania). General jurisdiction "requires more than a recognition that a nonresident corporation has an 'interactive' web site." *Hurley v. Cancun Playa Oasis Int'l Hotels*, No. 99-574, 1999 U.S. Dist. LEXIS 13716, at *8 (E.D. Pa. Aug. 31, 1999).

To satisfy the requirements of specific jurisdiction over a defendant, a plaintiff must establish:

> First, the defendant must have "purposefully directed [its] activities" at the forum. Second, the litigation must "arise out of or relate to" at least one of those activities. And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise "comport[s] with fair play and substantial justice."

*O'Connor v. Sandy Lane Hotel Co.,* 496 F.3d 312, 317 (3d Cir. 2007) (parallel citations omitted); *see also Zippo Mfg. Co. v. Zippo Dot Com*, 952 F. Supp. 1119, 1122-23 (W.D. Pa. 1997).

## V.   **LEGAL ARGUMENT**

### A.   **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION**

The only named Defendant in the present action is the "passive" parent corporation of the UHS health care system. Defendant does not provide any health care services to patients, provides no services of any kind in and/or to Pennsylvania, and has no contacts with Pennsylvania. Gomulka Declaration at ¶¶ 3, 4 and 6. A parent company is not subjected to personal jurisdiction based on the actions of its subsidiary, even if the wholly owned subsidiary is doing business in the forum state. *See Kehm Oil Co. v. Texaco, Inc.*, 537 F. 3d 290, 299-300 (3d Cir. 2008); *see infra* discussion.

The subsidiary members of the UHS health care system, who have not been named as defendants, are incorporated, located, and operate in southern New York. Gomulka Declaration at ¶ 4. The fact that certain Pennsylvania residents may choose to travel to the members' facilities in New York for health care services, does not change the result of the analysis for determining personal jurisdiction. Even in cases where parties are providing medical services to patients from forum

states, courts examining similar facts have concluded that they lack personal jurisdiction over the medical provider and the related entities. *See infra* discussion. Defendant respectfully requests that this Court reach the same conclusion as reached by other courts in similar cases, and dismiss the Complaint for lack of personal jurisdiction.

## 1.   **PLAINTIFF    CANNOT    ESTABLISH    GENERAL JURISDICTION OVER DEFENDANT**

As this Court noted, a high standard exists "to establish the sort of continuing and systematic contacts required for general jurisdiction." *Planet Goalie, Inc. v. Monkeysports, Inc.*, No. 1:10-CV-2629, 2011 U.S. Dist. LEXIS 98578, at \*11-12 (M.D. Pa. Sept. 1, 2011). The analysis depends upon a defendant's contacts with the forum jurisdiction whereby "the defendant [must] possess qualitative contacts with the forum that constitute the bread and butter of [the] defendant's daily business." *In re Chocolate Confectionary Antitrust Litig.,* 674 F. Supp. 2d 580, 597 (M.D. Pa. 2009) (vacated in part on other grounds) (citing *Provident Nat'l Bank* v. *Cal. Fed. Sav. & Loan Ass'n,* 819 F.2d 434, 438 (3d Cir. 1987)); *see also Accuweather, Inc. v. Total Weather, Inc.,* 223 F. Supp. 2d 612, 613 (M.D. Pa. 2002).

Factors used by courts to ascertain general jurisdiction have included: (1) is defendant incorporated or licensed to do business in Pennsylvania; (2) has defendant ever filed any tax returns with the Commonwealth of Pennsylvania; (3) whether defendant conducts daily business with Pennsylvania companies; (4) whether defendant maintains offices in Pennsylvania; (5) whether defendant availed itself of Pennsylvania resources in an extensive manner as a way of furthering its business; (6) whether defendant owns land or property within Pennsylvania: (7) whether defendant made significant direct sales in Pennsylvania, solicited business regularly in Pennsylvania, and specifically targeted advertising to reach the Pennsylvania market; and, (8) whether defendant maintains an agent or distributor in Pennsylvania. *See Henning* v. *Suarez Corp.,* 713 F. Supp. 2d 459, 465 (E.D. Pa. 2010).

Defendant does not have the "continuing and systematic" contacts, or in fact any contacts at all, that are necessary to subject it to personal jurisdiction in Pennsylvania. Defendant carries on no business in Pennsylvania, and it does not provide any health care services to patients anywhere. Moreover, as to the non-party UHS subsidiaries, Pennsylvania residents must travel to New York facilities to obtain treatment.  Gomulka Declaration at ¶ 4. The First, Second and Fourth Circuits have each addressed similar facts and determined that personal jurisdiction

does not exist over a non-resident hospital, such as some of the UHS subsidiaries. The same reasoning is even more compelling as to the separate "passive" parent corporation of such a hospital.

In *Harlow v. Children's Hospital,* 432 F. 3d 50 (1st Cir. 2005), the First Circuit considered whether a defendant hospital located in Massachusetts was subject to personal jurisdiction in Maine for its treatment of a Maine resident at one of its Massachusetts facilities. In support of the argument for exercising general jurisdiction over the hospital, the Maine plaintiff pointed to "the Hospital's 'ongoing relationship' with Maine Medicaid, the fact that the Hospital derives "substantial and consistent revenue" from Maine, the Hospital's active marketing and advertising to physicians and the general public in Maine, and ***the fact that the Hospital "holds itself [out] as the regional pediatric trauma center.***" *Id.* at 65 (emphasis added). [4] The plaintiff argued that all of this amounts to "engag[ing] in the 'continuous and systematic' pursuit of general business activities in Maine." *Id.* The First Circuit held that no general jurisdiction existed, stating that "[t]reating patients from Maine in Massachusetts, even on a regular basis, is not the same as engaging in continuous and systematic activity in Maine." *Id.* at 66.

---

[4] Plaintiff alleges that "United's website and annual reports market and promote United as a ***"regional provider" that serves both the northern tier of Pennsylvania and the southern tier of New York."*** Complaint at ¶ 6. As in *Harlow*, claims of being a ***"regional provider"*** are of no consequence to determining personal jurisdiction.

In *Wolf v. Richmond County Hospital Authority*, 745 F. 2d 904, 906, 910 (4th Cir. 1984), the Fourth Circuit held that no general jurisdiction existed even though, among other things, defendant hospital "treats [forum state] residents and receives payments (either from state or local governmental bodies or from the residents themselves) for services rendered," some of the payments included "medicaid/medicare reimbursements," and ***"approximately one-fifth of defendant's income came from forum-state residents)."*** (emphasis added). The Fourth Circuit stated:

> To establish personal jurisdiction over an out-of-state defendant under the "doing business" provision, the "contacts between [the defendant] and the State must be fairly extensive before the burden of defending a suit there may be imposed upon it without offending 'traditional notions of fair play and substantial justice.'" ... ("[T]he sufficiency of contacts threshold is elevated when the cause does not arise in the forum state or derive from the foreign corporation's transactions in the state,")

*Wolf* 745 F. 2d at 909 (citations omitted).

In a similar matter, the Second Circuit affirmed a trial court's finding that a Massachusetts hospital was not subject to personal jurisdiction in New York, regardless of advertising, targeting, or treating the residents of New York at its Massachusetts facility. [5]   In *Nelson v. Mass. Gen. Hosp.*, 04-CV-5382, 2007 U.S. Dist. LEXIS 70455 (S.D.N.Y. Sept 20, 2007) the Court determined that personal

---

[5] *Nelson, supra,* was affirmed by the Second Circuit for the same reasoning set forth by the trial court. *See Nelson v. Mass. Gen. Hosp.*, 299 Fed. Appx. 78 (2d Cir. 2008).

jurisdiction did not exist in New York over Massachusetts General Hospital in a wrongful death case brought by plaintiff estate executrix of a former New York resident. During the time period at issue, the defendant hospital treated more than 20,000 New York patients, resulting in over $56 million in revenue to the hospital. *Id.* at *7-8. The non-for-profit charitable corporation that was named as a defendant, along with the hospital and certain other related entities, collectively had four contracts with New York entities; two other agreements relating to collaborative research efforts; distributed published materials nationwide, some of which were presumed to reach New York; solicited funds from New York residents who were former patients, including certain fundraising trips to New York; transacted business with New York based financial companies; and, operated a number of different websites that were globally accessible. *Nelson*, 2007 U.S. Dist. LEXIS 70455 at *8-9. The Court failed to find that the hospital was "doing business" in New York, and therefore determined that the defendants should not be subject to personal jurisdiction. *See also Daniel v. Am Bd. of Emergency Med.*, 988 F. Supp. 127, 218 (W.D.N.Y. 1997).

In *Nelson*, Defendant's websites were among the contacts considered for purposes of evaluating jurisdiction. However, the operation of a globally accessible website does not by itself confer jurisdiction:

> "operation of universally accessible interactive websites likewise does not support a finding that GHC is 'doing business' in New

11

York.... ("The fact that a foreign corporation has a website accessible in New York is insufficient to confer jurisdiction under CPLR § 301")...(website which permits users to conduct banking transactions online is insufficient to confer general jurisdiction). *"Were it otherwise, every entity or individual that ran a highly interactive website from anywhere in the world could be sued for any reason in New York."* (emphasis added) (citations omitted).

*Nelson*, 2007 U.S. Dist. LEXIS 70455 at *65. *See also Hershey Co. v. Pagosa Candy Co.,* No. 1:07-CV-1363, 2008 WL 1730538 at *3-8 (M.D. Pa. Apr. 10, 2008) ("[defendant's] operation of a website that may be viewed in Pennsylvania and from which products may be selected for shipment into Pennsylvania does not create constitutionally sufficient contacts with this jurisdictional district for this court to exercise personal jurisdiction over [defendant]"); *Molnlycke Health Care AB v. Dumex Med. Surgical Prods., Ltd.,* 64 F. Supp. 2d 448, 450-453 (E.D. Pa. 1999) ("To hold that the possibility of ordering products from a website establishes general jurisdiction would effectively hold that any corporation with such a website is subject to general jurisdiction in every state. The court is not willing to take such a step"); *and see Resnick, supra,* 52 F. Supp. 2d at 468  ("Advertising on the Internet has been held to fall under the same rubric as advertising in a national magazine and it is well settled law in this Circuit that advertising in a national publication does not constitute the 'continuous and substantial contacts with the forum state' required to give rise to a finding of general jurisdiction".)

Defendant simply does not have "the sort of continuing and systematic contacts required for general jurisdiction." *Planet Goalie,* 2011 U.S. Dist. LEXIS 98578 at *11-12.

## 2. PLAINTIFF CANNOT ESTABLISH SPECIFIC JURISDICTION OVER DEFENDANT

To satisfy the requirements for asserting specific jurisdiction: 1) the defendant must purposefully establish 'minimum contacts' with the forum; 2) the litigation must "arise out of or relate to" at least one of those activities; and, 3) the exercise of jurisdiction must otherwise "comport[s] with fair play and substantial justice." *See Burger King,* 471 U.S. at 476; *and see supra* discussion at pp. 4-5. Defendant, a "passive" parent corporation, provides no health care services to patients, whether in New York, Pennsylvania or anywhere else. Also, merely operating a globally accessible website does not satisfy the requirements for conferring general jurisdiction over Defendant in Pennsylvania, and likewise it does not satisfy the requirements for specific jurisdiction. Gomulka Declaration at ¶ 3.

### a. Activities Have Not Been Purposefully Directed at the Forum

In considering whether the operation of a website on the internet satisfies the requirements of minimum contacts with the forum state, courts have looked at the nature and level of activity of the website. In *Zippo,* a California corporation that operated an internet web site offering access to USENET newsgroups registered

the domain names "zippo.com," "zippo.net" and "zipponews.com." The Defendant was sued in Pennsylvania for trademark infringement by the manufacturer of "Zippo" pocket lighters. The Western District of Pennsylvania held that "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet. This sliding scale is consistent with well developed personal jurisdiction principles." *Zippo*, 952 F. Supp. at 1124. Courts have held that the greater the commercial nature and level of interactivity associated with the website, the more likely it is that the website operator has "purposefully avail[ed] itself" of the forum state's jurisdiction.

In *Planet Goalie,* this Court noted that "something more than simply having a website accessible to individuals in the forum state must be shown." 2011 U.S. Dist. LEXIS 98578 at *10. "Something more can be established if a plaintiff can show a defendant had 'non-internet contacts [with the forum state], advertis[ed] in local publications, [or had] business records of sales in the state.' *Id.* at *11.

*In Re: Enterprise Rent-A-Car Wage & Hour Empl't Practices Litig.,* 735 F. Supp. 2d 277, 316 (W.D. Pa. 2010), involved the operation of a highly interactive website by the parent company of subsidiaries in the rental car business. The Court held that "The website is not central, however, to ERAC-Missouri's [the

14

Parent's] business, since ERAC-Missouri is a holding company that provides administrative services to its operating subsidiaries, but does not rent automobiles. For similar reasons, the significant interactive features of the website foster interactivity between Pennsylvania residents and the operating subsidiaries, and not between Pennsylvania residents and defendant parent." *See also Carpenter v. Exelon Corp.*, No. 14-07-00149-CV, 2007 Tex. App. LEXIS 8348 at 3 n. 11 (Tex. App. Oct. 23, 2007) ("the use of the website by [the parent]'s subsidiaries generally cannot be imputed to [the parent] to establish personal jurisdiction over [the parent]").

The Defendant in this case provides no health care services to anyone at any location. Gomulka Declaration at ¶ 3. There is no presence of the "something more" requirement set forth in *Planet Goalie*. Moreover, to the extent that Pennsylvania residents can "interact" over the website with regard to **a subsidiary** health care provider, be it to send a free card to a patient in a New York hospital facility, or pay for health care already received at one of the subsidiaries' New York hospital facilities, such interaction does not support finding specific jurisdiction over the Defendant.

**b.     The Alleged Infringement Did Not Occur in Pennsylvania**

For purposes of specific jurisdiction, the cause of action must "aris[e]…out of the defendant's contacts with the forum." *Helicopteros Nacionales*, 466 U.S. 408, 414 n. 8.

The crux of the allegations in Plaintiff's complaint are based upon the Lanham Act and other related state claims. The Lanham Act prohibits the use in commerce, without consent, of registered trademarks in a way that is likely to cause confusion with regard to the sale, distribution, or advertising of goods. 15 U.S.C. § 1114. In addition, courts have recognized that the Lanham Act protects unregistered marks, i.e. common law marks, under 15 U.S.C. § 1125(a). *See Time, Inc. v. Petersen Publ'g Co.*, 173 F.3d 113, 117 (2d Cir. 1999). To prevail on a trademark claim under either infringement of a federally registered service mark (15 U.S.C. § 1114) or infringement of a common law mark (15 U.S.C. § 1125(a)), a plaintiff must basically prove the same elements. *Time Inc.*, 173 F.3d at 117. A claim under common law unfair competition in Pennsylvania is essentially identical to a federal claim under the Lanham Act, without the interstate commerce requirement. *Liko AB v. Rise Lifts Inc.*, 625 F. Supp. 2d 250, 255 (E.D. Pa. 2008); *and see Gideons Int'l, Inc. v. Gideon 300 Ministries, Inc.*, 94 F. Supp. 2d 566, 580-81 (E.D. Pa. 1999).

15 U.S.C. § 1114(1) provides that "Any person who shall, without the consent of the registrant — use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant. . . .". Claims under 15 U.S.C. § 1125(a) and/or common law unfair competition claim require: (1) the existence of a valid and protectable mark, (2) ownership of the mark, and (3) that Defendants' use of the mark causes a likelihood of confusion as to origin, source, or affiliation. *A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F. 3d 198, 210 (3d Cir. 2000).

The maintenance of a globally accessible website by itself, does not confer jurisdiction in Pennsylvania. Courts have held that when websites display infringing marks, the tort is committed where the website is created and/or maintained. *See ISI Brands, Inc. v. KCC Int'l., Inc.*, 458 F. Supp. 2d 81, 90 (E.D. N.Y. 2006) ("To hold otherwise would create 'nationwide (indeed, worldwide) personal jurisdiction over anyone and everyone who establishes an Internet website.'") Defendant is located in New York, and operates and maintains the uhs.net website from New York. Defendant has no facilities or operations in

Pennsylvania. Gomulka Declaration at ¶¶ 3 and 7. Defendant does not provide any health care services to patients, and as discussed above, the actions of any subsidiary are irrelevant to determining whether jurisdiction over the parent exists.

Even considering actions beyond the operation of a website, a hospital that treats patients from another state does not place its services in the "stream of commerce". For purposes of the analysis, "[t]he nature of the activity in which the defendant is engaged is important". *Harlow*, 432 F. 3d at 63. As the First Circuit explained in *Harlow*:

> Rather than putting goods into the "stream of commerce," the Hospital rendered medical care, a professional and highly personal service, and it did so entirely in Massachusetts. As the Ninth Circuit has explained:
>
> > In the case of personal services focus must be on the place where the services are rendered, since this is the place of the receiver's (here the patient's) need. The need is personal and the services rendered are in response to the dimensions of that personal need. **They are directed to no place but to the needy person herself.**

432 F. 3d at 63. *(emphasis added)*.

### c.   The Exercise of Personal Jurisdiction Would Offend the "Traditional Notions of Fair Play and Substantial Justice"

The exercise of jurisdiction must not offend "traditional notions of fair play and substantial justice." *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)(citation omitted). Even assuming for purposes of argument that Defendant's contacts with Pennsylvania were minimally sufficient for either

specific or general jurisdiction, the exercise of personal jurisdiction here still would be unreasonable.

While Plaintiff may have an interest in litigating in its preferred forum, New York has a like interest, one that is stronger by the fact that it has an interest as a sovereign in a case arising from the conduct -- here, provision of health care services -- that occurs within its borders. Although a forum state has a significant interest in obtaining jurisdiction over a defendant who causes tortious injury within its borders, that interest is diminished where the injury occurred outside the forum state. *Sawtelle v. Farrell*, 70 F. 3d 1381, 1395 (1st Cir. 1995).

A state's interest in ensuring that its citizens do not have to leave the state to file suit must be balanced against the burden to those providing the medical services of having to defend themselves in a foreign forum. Such a burden might ultimately have the counter-productive result of reducing the availability of medical services to residents of the forum state. Thus, state interest in general, another of the factors relevant to a due process inquiry, does not, in combination with the character of the other factors, suffice to support jurisdiction" (citations omitted)).

## VI.  CONCLUSION

Based on the above arguments, there is no personal jurisdiction in Pennsylvania over Defendant, and the Complaint should be dismissed.

Respectfully submitted,

Dated: May 21, 2012

/s/ Allen C. Warshaw
Allen C. Warshaw (Bar No. 17145)
Rhoads & Sinon LLP
One South Market Square, 12th Floor
Harrisburg, PA  17108-1146
Telephone:  (717) 237-6768
Fax:  (717) 238-8623
E-Mail: awarshaw@rhoads-sinon.com
Attorneys for Defendant United Health Services, Inc.

| Robert A. Gutkin (Pro Hac Vice Application Pending) Andrews Kurth LLP 1350 I Street, NW, Suite 1100 Washington, DC 20005 202.662.2785 Phone 202.974.9536 Fax robertgutkin@andrewskurth.com | Michele P. Schwartz (Pro Hac Vice Application Pending) Andrews Kurth LLP 1717 Main Street, Suite 3700 Dallas, TX 75201 214.659.4578 Phone 214.659.4401 Fax micheleschwartz@andrewskurth.com |
|---|---|

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UHS OF DELAWARE, INC.

       Plaintiff,

   v.

UNITED HEALTH SERVICES, INC.,

       Defendant.

Case No. 1:12-cv-00485

The Honorable Christopher C. Conner

Electronically Filed

## CERTIFICATE OF WORD COUNT

The undersigned hereby certifies that this Brief complies with the type-volume limitation contained in Local Rule 7.8 in that it contains 4,155 words, which is less than the 5,000 allowed by the aforesaid rule. This certification is based upon the word count of the word processing system used to prepare this Brief.

/s/ Allen C. Warshaw
Allen C. Warshaw (Bar No. 17145)
Rhoads & Sinon LLP
One South Market Square, 12th Floor
Harrisburg, PA  17108-1146
Telephone:  (717) 237-6768
Fax:  (717) 238-8623
E-Mail: awarshaw@rhoads-sinon.com
*Attorneys for Defendant United Health Services, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UHS OF DELAWARE, INC. | Case No. 1:12-cv-00485 |
| Plaintiff, | The Honorable Christopher C. Conner |
| v. | Electronically Filed |
| UNITED HEALTH SERVICES, INC., | |
| Defendant. | |

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF UNITED HEALTH SERVICES INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2)** was served this 21st day of May 2012 on the following, by first class mail, postage prepaid and ECF filing:

Counsel for Plaintiff UHS of Delaware, Inc.

Robert C. Van Arnam
Williams Mullen P.C.
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601

William P. Dickinson , III
Williams Mullen P.C.
200 South 10th Street, Suite 1600
Richmond, VA 23219

Thomas B. Schmidt , III
Tucker R. Hull
Pepper Hamilton, LLP
Suite 200, 100 Market Streets
P.O. Box 1181
Harrisburg, PA 17108-1181

By: */s/ Allen C. Warshaw*
Allen C. Warshaw