# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UHS OF DELAWARE, INC.,** : | **CIVIL ACTION NO. 1:12-CV-00485** |
| **Plaintiff** : | **(Judge Conner)** |
| v. : | |
| **UNITED HEALTH SERVICES, INC., UNITED HEALTH SERVICES HOSPITALS, INC., DELAWARE VALLEY HOSPITAL, INC., TWIN TIER HOME HEALTH, INC., PROFESSIONAL HOME CARE, INC., IDEAL SENIOR LIVING CENTER, INC., IDEAL SENIOR LIVING CENTER HOUSING CORP., UNITED MEDICAL ASSOCIATES, P.C., and UNITED HEALTH SERVICES FOUNDATION, INC.** : | |
| **Defendants.** : | |

## **MEMORANDUM**

Presently before the court in the above-captioned matter is a motion to dismiss (Doc. 24) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed by defendant Professional Home Care, Inc. ("PHCI"). The parties have fully briefed the issues and the motion is ripe for disposition. For the following reasons, the court will deny this motion.

## I. Factual and Procedural Background[1]

Plaintiff UHS brings five counts against PHCI, alleging various forms of unfair competition and trademark infringement under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* and 54 PENN. CONS. STAT. § 1123. UHS asserts, *inter alia*, that following a recent rebranding effort, the defendants operate under marks that are confusingly similar to its own, in the same distribution channels where it has facilities and offers its services, namely New York and Pennsylvania. (See generally Doc. 14-3). Every defendant except PHCI filed a motion to dismiss (Doc. 24) for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). PHCI separately filed the present motion to dismiss (Doc. 23) for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Phillips v. County

---

[1] The court recited the allegations of plaintiff's amended complaint (Doc. 14-3) at length in its memorandum of March 26, 2013 addressing the motion to dismiss (Doc. 23) of PHCI's co-defendants, familiarity with which is presumed.

2

of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1947 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Ashcroft v. Iqbal, 556U.S. 662, 129 S. Ct. at 1950 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial

3

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 662, 129 S. Ct. at 1949. When the complaint fails to present a prima facie case of liability, however, courts should generally grant leave to amend before dismissing a complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116–17 (3d Cir. 2000).

### III. **Discussion**

The Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, establishes a national system of trademark registration and protects the owners of federally registered marks against the use of similar marks in certain circumstances. Among its provisions are protections against trademark infringement, 15 U.S.C. § 1114, and unfair competition, 15 U.S.C. § 1125(a)(1)(A). To prove either, a plaintiff must demonstrate that (1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion among consumers as to the origin of the product or service. See A&H Sportswear, Inc. V. Victoria's Secret Stores, Inc., 237 F.3d 198, 210-11 (3d Cir. 2000). A claim for unfair competition under Pennsylvania common law requires the same three elements. See Liko AB v. Rise Lifts Inc., 625 F. Supp. 2d 250, 255 (E.D. Pa. 2008).

Defendant PHCI argues that UHS's complaint does not sufficiently plead the third element. Specifically, PHCI asserts that the plaintiff's complaint improperly aggregates the actions of all of the defendants to this case, (Doc. 27 at 8), and

4

thereby fails to allege facts establishing the likelihood of confusion between UHS and PHCI specifically (Id. At 7-8). The entirety of PHCI's argument rests on the premise that UHS frames its complaint, not in terms of each individual defendant's offending conduct, but in terms of the nine defendants' collective conduct. At the outset of its second amended complaint, UHS defines the nine defendants, PHCI included, as "Defendants," (Doc. 14-3 at 1), and thereafter generally directs its allegations to the "Defendants" as a whole. (See, e.g., ¶¶ 33-44 (describing "Defendants' Pattern of Infringing Conduct")). The complaint includes just one paragraph that addresses with particularity defendant PHCI.[2] PHCI argues that by failing to provide defendant-specific allegations, UHS has failed to satisfy the pleading requirements and to provide PHCI with adequate notice of the allegations against it. (Id.)

Contrary to PHCI's assertions, the practice of aggregating defendants, though perhaps imprecise, does not run afoul of pleading standards. This court has addressed this issue previously, noting that, despite the plaintiff's failure to attribute particular actions to particular defendants, "using the general

---

[2] Paragraph 7 of the second amended complaint states: "Professional Home Care, Inc. Is a New York corporation with offices located at 4401 Vestal Parkway East, Vestal, New York 13850. Professional Home Care, Inc. is a subsidiary of United. Professional Home Care, Inc. regularly conducts business within the Commonwealth of Pennsylvania, including without limitation in this district. Professional Home Care, Inc. operates facilities in southern New York that regularly serve and direct advertising to patients and potential patients within the Commonwealth of Pennsylvania, including without limitation in this district." (Doc. 14-3 at ¶ 7).

5

'defendants' in a complaint suffices to put all defendants on notice of their obligation to defend that allegation." Koehler v. Juniata County School District, 2008 U.S. Dist. LEXIS 32079 at *1 n.1 (M.D. Pa. 2008) (citing Phillips v. County of Allegheny, 515 F.3d 224, 238 n.5 (3d Cir. 2008) (finding a complaint sufficient where it substituted the generic term "defendants" for the names of particular defendants)). When a defendant employs such a custom, the court assumes that allegations brought against "defendants" "includes each individual defendant as if that person or entity had been specifically named." Karchnak v. Swatara Twp., 540 F. Supp. 2d 540, 552 (M.D. Pa. 2008); see also, State Farm Mut. Auto. Ins. Co. v. Ficchi, 2012 U.S. Dist. LEXIS 63282 at *4 n.2 (E.D. Pa. 2012) ("where the general 'Defendants' is used, the Court will assume that the particular paragraph refers to all defendants").[3]

Confronted with this case law, PHCI argues in its reply brief that the present case merits a heightened pleading standard. The traditional pleading standard under Rule 8 of the Federal Rules of Civil Procedure requires that parties plead

---

[3] PHCI identifies several cases in support of its proposition that a plaintiff must state with particularity the alleged misconduct of each party. These cases are distinguishable from the matter at bar. Three involved unique factual circumstances which undermined the allegation that each defendant was involved in acts attributed to the group. See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001); Ozorosk v. Maue, 2009 U.S. Dist. LEXIS 13449 at **35-37 (M.D. Pa 2009); In re Sagent Tech, Inc., 278 F. Supp. 2d 1079, 1094-95 (N.D. Cal. 2003). The remaining cases involved claims of fraud, thereby triggering the heightened pleading standard of Federal Rule of Civil Procedure 9(b). See De Lage Landen Fin. Servs., Inc. v. Cardservice Int'l, Inc., 2001 U.S. Dist. LEXIS 9692 at *9 (E.D. Pa. 2001); Rosenbaum & Co. v. H.J. Meyers & Co., 1997 U.S. Dist. LEXIS 15720 at *7 (E.D. Pa. 1997).

6

only a "short and plain statement of the claim." However, Rule 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Generally speaking, "Rule 9(b) serves to give defendants notice of the claims against them, provide[] an increased measure of protection for their reputations, and reduce[] the number of frivolous suits brought solely to extract settlements." *In re* Suprema Specialties, Inc. Sec. Litig., 438 F.3d 256, 270 (3d Cir. 2006) (alterations in original) (quoting *In Re* Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1418 (3d Cir. 1997)). Defendants urge the court to adopt a so-called "intermediate" approach recognized by some lower courts in the context of certain Lanham Act claims. First articulated in Max Daetwyler Corp. v. Input Graphics, Inc., 608 F. Supp. 1549 (E.D. Pa. 1985), this approach strikes a balance between outright application or rejection of Rule 9(b) and sets a heightened pleading standard for false advertising claims under the Lanham Act. Specifically, our sister court held that the complaint

> need not satisfy all of the pleading requirements which have been imposed under Rule 9. But the policies which underlie Rule 9's requirement that the nature of an alleged misrepresentation be pleaded with specificity are equally applicable to the type of misrepresentation claims presented in plaintiffs' Lanham Act claim. In litigation in which one party is charged with making false statements, it is important that the party charged be provided with sufficiently detailed allegations regarding the nature of the alleged falsehoods to allow him to make a proper defense.

7

Id. at 1556. PHCI's reliance on this standard is misplaced.[4] Max Daetwyler was decided over 25 years ago, prior to the sweeping changes of the Supreme Court's decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). See Wellness Publ. v. Barefoot, 2008 U.S. Dist. LEXIS 1514 (D.N.J. 2008); EVCO Tech. & Dev. v. Buck Knives, Inc., 2006 U.S. Dist LEXIS 68549 (E.D. Pa. 2006); H.H. Fluorescent Parts, Inc. v. DM Technology & Energy Inc., 2005 U.S. Dist. LEXIS 26699 (E.D. Pa. 2005); Gallup, Inc. v. Talentpoint, Inc., 2001 U.S. Dist. LEXIS 18560 (E.D. Pa. 2001). The Third Circuit has noted that, as a result of Twombly and Iqbal jurisprudence, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). Thus, some courts have conjectured that the intermediate pleading requirements

---

[4] The court notes that the applicability of a heightened pleading standard to Lanham Act claims remains unsettled law in this jurisdiction. EVCO Tech. & Dev. Co. v. Buck Knives, Inc., 2006 U.S. Dist. LEXIS 68549 (E.D. Pa. 2006); H.H. Fluorescent Parts, Inc. v. DM Tech. & Energy, Inc., 2005 U.S. Dist. LEXIS 26699 (E.D. Pa. 2005). Our sister courts that have addressed the Max Daetwyler standard disagree over its applicability. Compare Wellness Publ. v. Barefoot, 2008 U.S. Dist. LEXIS 1514 (D.N.J. 2008) (applying the Max Daetwyler standard); EVCO Tech., 2006 U.S. Dist LEXIS 68549 (same) with H.H. Fluorescent Parts, 2005 U.S. Dist. LEXIS 26699 (declining to apply a heightened pleading standard due to the unsettled nature of the law), and Gallup, Inc. v. Talentpoint, Inc., 2001 U.S. Dist. LEXIS 18560 (E.D. Pa. 2001) (acknowledging without adopting the intermediate approach of Max Daetwyler). The Court of Appeals for the Third Circuit has never ruled on the subject. Moreover, courts elsewhere have explicitly held that Rule 8(a) – not Rule 9(b) – applies to Lanham Act claims. See Wellnx Life Scis., Inc. v. Iovate Health Scis. Research, Inc., 516 F. Supp. 2d 270, 283 n.2 (S.D.N.Y. 2007).

imposed for some Lanham Act claims may very well be identical to the pleading requirements that all claims must now meet. See, e.g., Mycone Dental Supply Co. v. Creative Nail Design, Inc., 2012 U.S. Dist. LEXIS 116924 at **12-13 (D.N.J. 2012). Furthermore, when our sister courts have utilized the intermediate pleading standard, they have done so only in the context of Lanham Act false advertising claims. See Wellness Publ., 2008 U.S. Dist. LEXIS 1514 at *44; EVCO Tech. & Dev., 2006 U.S. Dist. LEXIS 68549 at *17; cf. Gallup, 2001 U.S. Dist. LEXIS 18560 at *36 (acknowledging the existence of the Max Daetwyler standard in the context of a false advertising claim, but declining to apply it). None have extended the intermediate pleading standard to trademark infringement or unfair competition claims under the Lanham Act. See H.H. Fluorescent Parts, 2005 U.S. Dist. LEXIS 26699 at *13 (declining to extend Max Daetwyler to an unfair competition claim brought under the Lanham Act). For all of these reasons, the court declines PHCI's invitation to craft a pleading standard which differs from that articulated by the Supreme Court in Twombly and Iqbal.

Under the applicable standards of Twombly and Iqbal, the plaintiff has clearly plead sufficient facts to support its allegation that PHCI uses a mark that is likely to cause confusion with its own. In the complaint, UHS alleges that defendants collectively operate under the mark "UHS" and that they use this mark to advertise, market, offer to sell, and sell hospital and healthcare-related services similar to those that UHS offers. (Doc. 14-3 at ¶¶ 37-38). UHS also alleges that defendants use their mark to offer these services in the same types of distribution

channels to the same classes of consumers as UHS in New York and Pennsylvania. (Id. at ¶¶ 33-34). Construing "defendants" to include PHCI, these allegations raise a plausible claim that the PHCI's use of the "UHS" mark is likely to cause confusion with UHS's.

## IV. Conclusion

For the foregoing reasons, the court will deny defendant PHCI's motion (Doc. 24) to dismiss. An appropriate order follows.

      S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated:      March 28, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UHS OF DELAWARE, INC.,** | : | CIVIL ACTION NO. 1:12-CV-00485 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **UNITED HEALTH SERVICES, INC., UNITED HEALTH SERVICES HOSPITALS, INC., DELAWARE VALLEY HOSPITAL, INC., TWIN TIER HOME HEALTH, INC., PROFESSIONAL HOME CARE, INC., IDEAL SENIOR LIVING CENTER, INC., IDEAL SENIOR LIVING CENTER HOUSING CORP., UNITED MEDICAL ASSOCIATES, P.C., and UNITED HEALTH SERVICES FOUNDATION, INC. INC.** | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 28th day of March, 2013, upon consideration of the motion to dismiss (Doc. 24) by Professional Home Care, Inc.'s ("PHCI"), and for the reasons set forth in the accompanying memorandum, Defendant's motion (Doc. 24) to dismiss is DENIED.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge