IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UHS OF DELAWARE, INC.,** | : | CIVIL ACTION NO. 1:12-CV-485 |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **UNITED HEALTH SERVICES, INC.,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

# ORDER

AND NOW, this 8th day of March, 2017, upon consideration of the motion (Doc. 184) *in limine* by defendants United Health Services, Inc., United Health Services Hospitals, Inc., Professional Home Care, Inc., Twin Tier Home Health, Inc., Ideal Senior Living Center, Inc., Ideal Senior Living Center Housing Corporation, Inc., Delaware Valley Hospital, Inc., and United Medical Associates (collectively "United Health Services"), seeking to preclude evidence of United Health Services' income, profits, and revenues, unless the court first determines that equitable factors are satisfied warranting an accounting and a disgorgement award of damages, as well as United Health Services' supplemental brief (Doc. 249) to its motion *in limine*, wherein United Health Services argues that, in light of the court's summary judgment ruling and the express abandonment by plaintiff UHS of Delaware, Inc. ("UHS Delaware"), of any claim for actual or legal damages, UHS Delaware is no longer entitled to a jury trial, and wherein United Health Services thus requests that the court strike UHS Delaware's demand for a jury, (id. at 3-7), and further upon consideration of UHS Delaware's opposition papers, (Docs. 207,

261), wherein UHS Delaware rejoins that its right to a jury trial endures despite the winnowing of its available remedies to equitable relief only, (Doc. 261 at 2-6), and the court observing that Federal Rule of Civil Procedure 38 preserves the constitutional right to a jury trial "inviolate" on "any issue triable" to the jury, FED. R. CIV. P. 38(a)-(b); see also U.S. CONST. amend VII, and that, in Lanham Act cases, courts look to the nature of the relief sought in determining whether a right to jury trial exists, see AstraZeneca LP v. Tap Pharm. Prods., Inc., 444 F. Supp. 2d 278, 288 (D. Del. 2006) (citations omitted), and further observing that courts within the Third Circuit Court of Appeals uniformly hold that the remedy of accounting and disgorgement of profits is exclusively equitable and does not trigger a right to a jury trial,[1] and that a plaintiff may relinquish its right to a jury trial by withdrawing its claim for damages and proceeding solely on theories of equitable relief, see Int'l Commc'n Material Inc., 1996 WL 1044552, at *2 n.4; Am. Cyanamid Co., 649 F. Supp. at 788-89, and the court thus determining that UHS Delaware, by abandoning its claims for legal remedies, has waived its right to a jury trial, and further upon

---

[1] See AstraZeneca LP, 444 F. Supp. 2d at 287-88; Vulcan Print Media, Inc. v. Las Vegas Sports News, LLC, No. 2:98-CV-5768, 2001 WL 35974201, at *1 (E.D. Pa. Nov. 20, 2001); Castrol, Inc. v. Pennzoil Quaker State Co., 169 F. Supp. 2d 332, 344 (D.N.J. 2001); Int'l Commc'n Materials Inc. v. Emp'rs Ins. of Wausau, No. 94-1789, 1996 WL 1044552, at *2 n.4 (W.D. Pa. May 29, 1996); Am. Cyanamid Co. v. Sterling Drug, Inc., 649 F. Supp. 784, 785-89 (D.N.J. 1986); see also Keurig, Inc. v. Sturm Foods, Inc., No. 10-841, 2013 WL 633574, at *1 n.2 (D. Del. Feb. 19, 2013). UHS Delaware highlights Kennedy v. Lasko Co., 414 F.2d 1249 (3d Cir. 1969), as an exception to the rule that disgorgement cases be tried by bench trial. Kennedy is distinguishable, however, because plaintiff therein sought *both* a legal remedy (damages) and an equitable remedy (an accounting). See Kennedy, 414 F.2d at 1250; see also Am. Cyanamid Co., 649 F. Supp. at 787-88 (distinguishing Kennedy, 414 F.2d at 1250).

consideration of UHS Delaware's request that, assuming *arguendo* its demand for a jury trial is stricken, the court convene an advisory jury pursuant to Federal Rule of Civil Procedure 39(c), see FED. R. CIV. P. 39(c)(1), and the court noting that the decision to grant or deny such a request rests entirely within the discretion of the trial judge, see id.; Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 249 (3d Cir. 2013), and concluding that the fact-finding assistance of an advisory jury is unnecessary in this case and thus declining to exercise its discretion to empanel an advisory jury pursuant to Rule 39(c), it is hereby ORDERED that:

1. United Health Services' motion (Doc. 184) *in limine* to preclude evidence of defendants' income, profits, and revenues, restyled as a motion to strike UHS Delaware's jury demand, is GRANTED.

2. UHS Delaware's request (Doc. 261 at 7-11) that the court convene an advisory jury is DENIED.

3. Trial in the above-captioned matter shall proceed as a bench trial on **Monday, June 12, 2017, at 9:30 a.m.**, in Courtroom No. 2, Ninth Floor, 228 Walnut Street, Harrisburg, Pennsylvania.

        /S/ CHRISTOPHER C. CONNER
        Christopher C. Conner, Chief Judge
        United States District Court
        Middle District of Pennsylvania