IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UHS OF DELAWARE, INC.,** | : | CIVIL ACTION NO. 1:12-CV-485 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **UNITED HEALTH SERVICES, INC.,** *et al.*, | : | |
| Defendants | : | |

# ORDER

AND NOW, this 8th day of March, 2017, upon consideration of the motion (Doc. 182) *in limine* by defendants United Health Services, Inc., United Health Services Hospitals, Inc., Professional Home Care, Inc., Twin Tier Home Health, Inc., Ideal Senior Living Center, Inc., Ideal Senior Living Center Housing Corporation, Inc., Delaware Valley Hospital, Inc., and United Medical Associates (collectively "United Health Services"), seeking to exclude purported evidence of competition beyond Pennsylvania and any alleged actual damages including loss of goodwill and diverted sales by plaintiff UHS of Delaware, Inc. ("UHS Delaware"), and the motion having been fully briefed and all parties thus having been heard by the court, (see Docs. 183, 208, 231), and it appearing that United Health Services' argument is twofold, to wit: (1) that United Health Services propounded discovery requests upon UHS Delaware requesting, *inter alia*, identification of the facilities that UHS Delaware contends "offer[] competing services with those of defendants," as well as residence information by zip code for each patient receiving competing services and a description of the competing services rendered, that UHS Delaware

identified only its Pennsylvania behavioral health facilities in response to United Health Services' request, and that UHS Delaware must now be barred from offering argument or evidence of competing facilities or services beyond Pennsylvania, and (2) that UHS Delaware has abandoned its claim for actual damages including loss of goodwill and diverted sales and must now be barred from offering argument or evidence concerning any loss of goodwill or diverted sales at trial, (Doc. 183 at 4-9); and that UHS Delaware responds in kind, asserting (1) that United Health Services' request for zip code data for competing services provided at each of more than two-hundred facilities was overbroad and unduly burdensome and that United Health Services was on notice of UHS Delaware's position with respect to nationwide competition following Rule 30(b)(6) depositions of Carothers Evans and Frank Lopez, both of whom testified—at defendants' request—to competing services at behavioral health facilities as well as acute care hospitals and ambulatory centers in Florida, Nevada, and elsewhere, and (2) that, although UHS Delaware abandoned any claim for actual damages, evidence of loss of goodwill and diverted sales remains relevant to the court's accounting and disgorgement of profits inquiry, (Doc. 208 at 6-15, 21-25), and taking these arguments *seriatim*: *first*, with regard to evidence of competition beyond Pennsylvania, the court finding that notwithstanding (and subsequent to) UHS Delaware's provision of zip code data for its Pennsylvania behavioral health facilities alone, United Health Services noticed and took Rule 30(b)(6) depositions of UHS Delaware's designated corporate officers on the topic of competition at behavioral health centers and beyond, to include acute care hospitals and ambulatory centers about which Messr. Lopez testified,

(see Doc. 208, Ex. D at 4); that United Health Services explored this testimony during Rule 56 briefing, (see Doc. 161-5 at 14-18)[1]; and that the lack of supportive zip code data to substantiate Messrs. Evans' and Lopez's competition testimony goes to weight but not admissibility thereof,[2] but further observing that UHS Delaware identifies no evidence of competition outside of Pennsylvania beyond this deposition testimony, and that its presentation on this issue at trial must be limited to the disclosed testimony of Messrs. Evans and Lopez, together with the zip code data initially produced for Pennsylvania facilities; and *second*, regarding evidence or argument on issues of loss of goodwill and diverted sales, the court observing that UHS Delaware waived any claim for damages arising from loss of goodwill and diverted sales, (Doc. 208 at 21; Doc. 235 at 36); has assured the court and opposing counsel repeatedly that it will not pursue claims or damages for loss of goodwill and diverted sales, having characterized evidence anent such issues as "irrelevant," (Doc. 183, Ex. 1 at 3-4); and has expressly stated in briefing a separate motion *in limine* that "no evidence as to [UHS Delaware's] reputation is required," (Doc. 193

---

[1] United Health Services' responsive statement of facts (Doc. 161-5), as docketed, discontinues at page 20, halfway through paragraph 5. The original filing provided to the court includes all 42 pages and 42 paragraphs of the document. For ease of reference, the court cites to the docketed version of the statement of facts as though it contains the full document.

[2] The record disproves any assertion that UHS Delaware's competition evidence is an eleventh-hour surprise. UHS Delaware's representatives testified to knowledge of competition beyond Pennsylvania, and both the parties and the court explored this evidence at the Rule 56 stage. United Health Services' representation that it "deposed . . . [UHS Delaware's] corporate representatives and *none of them identified competition outside of Pennsylvania*," (Doc. 231 at 12 (emphasis added)), is belied by the record. For this reason, the court rejects United Health Services' effort to frame the instant inquiry as a request for exclusionary sanctions for nondisclosure under Federal Rule of Civil Procedure 37(c)(1).

3

at 10), and the court holding that UHS Delaware, by strategic election, has precluded itself from introducing whatever evidence it has on the issues of loss of goodwill and diverted sales, or otherwise attempting to resurrect its abandoned damages claim, but the court also acknowledging that "whether sales have been diverted" is one of several factors considered in assessing whether equity warrants a disgorgement of profits award, see Banjo Buddies, Inc. v. Renosky, 399 F.3d 168, 175 (3d Cir. 2005), and that diversion has been presumed "likely" for purposes of a disgorgement calculus when plaintiffs present a strong infringement case, including evidence of actual confusion and nearly identical marks and markets, see id. at 175-76; see also Sabinsa Corp. v. Creative Compounds, LLC, No. 04-4239, 2011 WL 3236096, at *3 (D.N.J. July 27, 2011) (citing Banjo Buddies, 399 F.3d at 175-76), and the court thus concluding that UHS Delaware may not present any evidence of loss of goodwill or diverted sales at trial, but may argue in favor of an inference of diversion in the event actual confusion or other elements of infringement are shown, it is hereby ORDERED that:

1. United Health Services' motion (Doc. 182) *in limine* to exclude purported evidence of competition beyond Pennsylvania and any alleged actual damages, including loss of goodwill and diverted sales, is GRANTED in part and DENIED in part as follows:

    a. The motion (Doc. 182) is GRANTED to the extent that evidence of competition beyond Pennsylvania other than the deposition testimony of Messrs. Evans and Lopez shall be inadmissible at trial. The motion (Doc. 182) is DENIED to the extent it seeks to exclude testimony of Messrs. Evans and Lopez on this subject at trial.

    b.      The motion (Doc. 182) is further GRANTED to the extent that evidence of UHS Delaware's loss of goodwill or diverted sales shall be inadmissible at trial. The motion (Doc. 182) is DENIED to the extent it seeks to preclude UHS Delaware from seeking an inference of diverted sales in support of its request for an accounting and disgorgement of profits.

              /S/ CHRISTOPHER C. CONNER
              Christopher C. Conner, Chief Judge
              United States District Court
              Middle District of Pennsylvania