## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UHS OF DELAWARE, INC.,** | : | **CIVIL ACTION NO. 1:12-CV-485** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED HEALTH SERVICES,** | : | |
| **INC.,** *et al.,* | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 8th day of March, 2017, upon consideration of the
motion (Doc. 172) *in limine* by defendants United Health Services, Inc., United
Health Services Hospitals, Inc., Professional Home Care, Inc., Twin Tier Home
Health, Inc., Ideal Senior Living Center, Inc., Ideal Senior Living Center Housing
Corporation, Inc., Delaware Valley Hospital, Inc., and United Medical Associates
(collectively "United Health Services"), seeking to exclude evidence or argument
that trademarks owned by plaintiff UHS of Delaware, Inc., ("UHS Delaware"), are
"incontestable," wherein United Health Services asserts that such evidence is both
irrelevant and unduly prejudicial, (id.), and the motion having been fully briefed
and all parties thus having been heard by the court, (Docs. 173, 204, 221), and the
court observing that relevant evidence is that which has a tendency to make a fact
of consequence "more or less probable than it would be without the evidence," FED.
R. EVID. 401, but that the court may, in its discretion, "exclude relevant evidence if
its probative value is substantially outweighed by a danger of . . . unfair prejudice,
confusing the issues, [or] . . . misleading the jury," FED. R. EVID. 403, and turning

first to United Health Services' relevance argument, the court observing that to prevail on a trademark infringement claim under both the Lanham Act and state law, UHS Delaware must prove that (1) the marks in dispute are valid and legally protectable; (2) UHS Delaware owns the marks; and (3) United Health Services' use of a similar mark generates "a likelihood of confusion," A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc., 237 F.3d 198, 210 (3d Cir. 2000), and the court finding that incontestability is directly relevant to the first and second elements, which are presumptively proven when a mark achieves incontestable status, Del. Valley Fin. Group, Inc. v. Principal Life Ins. Co., 640 F. Supp. 2d 603, 622 n.9 (E.D. Pa. 2009) (citing Opticians Ass'n of Am. v. Indep. Opticians of Am., 920 F.2d 187, 194 (3d Cir. 1990)); see also Pocono Int'l Raceway, Inc. v. Pocono Mountain Speedway, Inc., 171 F. Supp. 2d 427, 431 (M.D. Pa. 2001), and the court further finding that incontestable marks are *prima facie* distinctive, see CSC Holdings, LLC v. Optimum Networks, Inc., 731 F. Supp. 2d 400, 408 n.3 (D.N.J. 2010); First Keystone Fed. Sav. Bank v. First Keystone Mortg., Inc., 895 F. Supp. 456, 461 (E.D. Pa. 1995); Barnes Group, Inc. v. Connell Ltd. P'ship, 793 F. Supp. 1277, 1301 (D. Del. 1992); (see also Doc. 235 at 14), a factor material to the likelihood of confusion calculus, and the court concluding that evidence of the "UHS" marks' incontestable status is directly relevant to UHS Delaware's claims *sub judice*, and turning second to United Health Services' concern regarding prejudicial effect, the court noting that this matter will be tried as a bench trial rather than a jury trial, and that, in the bench trial context, courts generally should not exclude evidence under Rule 403 on unfair prejudice

2

grounds, because a judge is able to objectively assess probative value and reject any

improper inferences, see Suter v. Gen. Accident Ins. Co. of Am., 424 F. Supp. 2d 781,

790-91 (D.N.J. 2006) (citations omitted), and the court determining that there is no

risk of prejudice from admission of or reference to the marks' incontestable status,

it is hereby ORDERED that United Health Services' motion (Doc. 172) *in limine* is

DENIED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania