IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UHS OF DELAWARE, INC.,** | : | CIVIL ACTION NO. 1:12-CV-485 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **UNITED HEALTH SERVICES, INC.,** *et al.*, | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 8th day of March, 2017, upon consideration of the motion (Doc. 178) *in limine* by plaintiff UHS of Delaware, Inc. ("UHS Delaware"), seeking to exclude evidence and argument concerning its wealth, size, or power compared to defendants United Health Services, Inc., United Health Services Hospitals, Inc., Professional Home Care, Inc., Twin Tier Home Health, Inc., Ideal Senior Living Center, Inc., Ideal Senior Living Center Housing Corporation, Inc., Delaware Valley Hospital, Inc., and United Medical Associates (collectively "United Health Services"), on the ground that said comparison is both irrelevant and unduly prejudicial, and the motion having been fully briefed and all parties thus having been heard by the court, (Docs. 179, 215, 223), and the court observing that relevant evidence is that which has a tendency to make a fact of consequence "more or less probable than it would be without the evidence," FED. R. EVID. 401, but that the court may, in its discretion, "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues,

[or] . . . misleading the jury," FED. R. EVID. 403, and the court resolving that evidence concerning UHS Delaware's financial status is relevant for purposes of measuring the strength of the marks in this case in particular, where UHS Delaware highlights its advertising expenditures and sales volume as evidence of its marks' commercial strength, (see Doc. 155-2 at 20-21), and asserts that it has expended millions of dollars in advertising and promotion of its services under those marks over the past two decades, (see id. at 20), and the court observing that UHS Delaware's argument cannot be weighed in a vacuum but must be considered in proportion to UHS Delaware's size and profits, and turning next to UHS Delaware's concern regarding prejudicial effect, the court noting that this matter will be tried as a bench trial rather than a jury trial, and that, in the bench trial context, courts generally should not exclude evidence under Rule 403 on unfair prejudice grounds, because a judge is able to objectively assess probative value and reject any improper inferences, see Suter v. Gen. Accident Ins. Co. of Am., 424 F. Supp. 2d 781, 790-91 (D.N.J. 2006) (citations omitted), and the court thus determining that there is no risk of prejudice from admission of evidence concerning, or reference to, either party's wealth, size, or power as compared to the other, it is hereby ORDERED that UHS Delaware's motion (Doc. 178) *in limine* is DENIED.

　　　　　　　　　　　　　　　　　　/S/ CHRISTOPHER C. CONNER
　　　　　　　　　　　　　　　　　　Christopher C. Conner, Chief Judge
　　　　　　　　　　　　　　　　　　United States District Court
　　　　　　　　　　　　　　　　　　Middle District of Pennsylvania