IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UHS OF DELAWARE, INC.,** | : | **CIVIL ACTION NO. 1:12-CV-485** |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| v. | : | |
| **UNITED HEALTH SERVICES, INC.,** *et al.*, | : | |
| **Defendants** | : | |

# ORDER

AND NOW, this 8th day of March, 2017, upon consideration of the motion (Doc. 190) *in limine* by plaintiff UHS of Delaware, Inc. ("UHS Delaware"), seeking to exclude evidence and argument that UHS Delaware does not own the "UHS" trademarks in dispute for failure to itself provide health care services thereunder, wherein UHS Delaware asserts that such evidence and argument is irrelevant and likely to mislead the trier of fact, and the motion having been fully briefed by UHS Delaware and defendants United Health Services, Inc., United Health Services Hospitals, Inc., Professional Home Care, Inc., Twin Tier Home Health, Inc., Ideal Senior Living Center, Inc., Ideal Senior Living Center Housing Corporation, Inc., Delaware Valley Hospital, Inc., and United Medical Associates (collectively "United Health Services"), (see Docs. 191, 213, 225), and the parties having been given the

opportunity to file supplemental briefs (Docs. 252-1, 256, 263-2)[1] following issuance of the court's summary judgment ruling, (Doc. 235), and the court observing that relevant evidence is that which has a tendency to make a fact of consequence "more or less probable than it would be without the evidence," FED. R. EVID. 401, but that the court may exercise its discretion to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] . . . misleading the jury," FED. R. EVID. 403, and it appearing that UHS Delaware's argument is twofold, to wit: (1) that licensed use of the trademarks by UHS Delaware's subsidiaries inures to the benefit of UHS Delaware for purposes of establishing continued use (and thus ownership and legally protectable status) of the trademarks, and that the court's Rule 56 opinion confirmed UHS Delaware's position as established fact, and (2) that introduction of such evidence or argument would risk misleading the factfinder, (see Doc. 252-1 at 5-8), but the court observing that UHS Delaware misapprehends our summary judgment ruling in that the court did not definitively resolve the issue of continued use, but merely "reject[ed] United Health Services' assertion that UHS Delaware *cannot* establish 'use' of the marks," (Doc. 235 at 10 (emphasis added)), leaving the question of whether UHS Delaware *can* establish use of the marks for the ultimate trier of fact, and the court concluding that any evidence tending to establish or to dispute UHS Delaware's continued use

---

[1] The court's order (Doc. 243) authorizing the parties to file supplemental briefs granted UHS Delaware leave to file a supplemental brief in support of its motion and United Health Services leave to file a supplemental brief in response thereto. The order (Doc. 243) does not authorize the filing of a further reply brief by UHS Delaware. In the interest of judicial economy, the court will nonetheless consider the reply filed without leave by UHS Delaware. (See Doc. 263-2).

of the marks, whether independently or through its licensed subsidiaries and affiliates, is directly relevant to a central element of this trademark infringement case, but the court reiterating, to the extent the point remains in dispute between the parties, that if UHS Delaware proves that its subsidiaries and affiliates are licensed users of its marks and that UHS Delaware maintains sufficient control over that licensed use, then subsidiary and affiliate use of the marks shall "inure to the benefit of" UHS Delaware, (Doc. 235 at 9-10 (quoting 15 U.S.C. § 1055)), and turning next to UHS Delaware's concern regarding the potential of this evidence to mislead or confuse, the court noting that this matter will be tried as a bench trial rather than by jury, and that, in the bench trial context, Rule 403 is generally inapplicable, because the judge is unlikely to be misled or confused by legal or factual nuance and is able to objectively assess probative value and reject any improper inferences, see <u>Suter v. Gen. Accident Ins. Co. of Am.</u>, 424 F. Supp. 2d 781, 790-91 (D.N.J. 2006) (citations omitted), and the court thus determining that there is no risk of confusion or danger of being misled by admission of evidence concerning UHS Delaware's failure to itself use the UHS trademarks, it is hereby ORDERED that UHS Delaware's motion (Doc. 190) *in limine* is DENIED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania