IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UHS OF DELAWARE, INC.,** | : | CIVIL ACTION NO. 1:12-CV-485 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **UNITED HEALTH SERVICES, INC.,** *et al.*, | : | |
| | : | |
| Defendants | : | |

### ORDER

AND NOW, this 8th day of March, 2017, upon consideration of the motion (Doc. 192) *in limine* by plaintiff UHS of Delaware, Inc. ("UHS Delaware"), seeking to exclude evidence of or comment on investigations by the Department of Justice ("DOJ"), in particular an ongoing regulatory investigation by the DOJ concerning certain of UHS Delaware's behavioral health facilities, wherein UHS Delaware maintains that such evidence and comment is irrelevant and unduly prejudicial, and the motion having been fully briefed by UHS Delaware and defendants United Health Services, Inc., United Health Services Hospitals, Inc., Professional Home Care, Inc., Twin Tier Home Health, Inc., Ideal Senior Living Center, Inc., Ideal Senior Living Center Housing Corporation, Inc., Delaware Valley Hospital, Inc., and United Medical Associates (collectively "United Health Services"), (see Docs. 193, 214, 224), and the court observing that relevant evidence is that which has a tendency to make a fact of consequence "more or less probable than it would be without the evidence," FED. R. EVID. 401, but that the court may exercise its

discretion to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] . . . misleading the jury," FED. R. EVID. 403, and it appearing that UHS Delaware's argument is twofold, to wit: (1) that evidence concerning any DOJ investigation is irrelevant to its claims as UHS Delaware is seeking only disgorgement of profits as a remedy, such that "no evidence of [its] reputation is required," (Doc. 193 at 10), and (2) that such evidence would unduly prejudice UHS Delaware, confuse the issues, or mislead the jury, (see id. at 12-14), and it further appearing that United Health Services rejoins that evidence of an ongoing investigation is relevant to whatever extent UHS Delaware intends to argue that its reputation has been harmed by United Health Services' alleged trademark infringement, (see Doc. 214 at 7-14), and the court noting that, by order of today's date, the court barred UHS Delaware from admitting evidence of lost goodwill or reputational injury given UHS Delaware's express abandonment of any claim for actual damages, and that evidence of a DOJ investigation is irrelevant to the extent offered as an alternative explanation for any lost goodwill, but that evidence of regulatory investigations or other action taken against UHS Delaware is relevant to its allegation that United Health Services "intended to trade off . . . the extensive goodwill built up by" UHS Delaware, (Doc. 14-3 ¶ 54), and turning next to UHS Delaware's concern regarding the potential of this evidence to mislead, the court noting that this matter will be tried as a bench trial rather than by jury, and that, in the bench trial context, Rule 403 is generally inapplicable, because the judge is unlikely to be misled or confused by legal or

factual nuance and is able to objectively assess probative value and reject any improper inferences, see Suter v. Gen. Accident Ins. Co. of Am., 424 F. Supp. 2d 781, 790-91 (D.N.J. 2006) (citations omitted), and the court thus determining that Rule 403 does not bar admission of evidence of or comment on DOJ investigations, it is hereby ORDERED that UHS Delaware's motion (Doc. 192) *in limine* is DENIED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania