IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UHS OF DELAWARE, INC.,** : | CIVIL ACTION NO. 1:12-CV-485 |
| : | |
| Plaintiff : | (Chief Judge Conner) |
| : | |
| v. : | |
| : | |
| **UNITED HEALTH SERVICES,** : | |
| **INC.,** *et al.*, : | |
| : | |
| **Defendants** : | |

# ORDER

AND NOW, this 8th day of March, 2017, upon consideration of the motion (Doc. 250) *in limine* by plaintiff UHS of Delaware, Inc. ("UHS Delaware"), seeking to preclude evidence of "continued use" proffered in support of the junior user defense asserted *sub judice* by defendants United Health Services, Inc., United Health Services Hospitals, Inc., Professional Home Care, Inc., Twin Tier Home Health, Inc., Ideal Senior Living Center, Inc., Ideal Senior Living Center Housing Corporation, Inc., Delaware Valley Hospital, Inc., and United Medical Associates (collectively "United Health Services"), and the motion having been fully briefed and all parties thus having been heard by the court, (see Docs. 252, 257, 263-1), and the court observing that relevant evidence is that which has a tendency to make a fact of consequence "more or less probable than it would be without the evidence," FED. R. EVID. 401, but that the court may exercise its discretion to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] . . . misleading the jury," FED. R. EVID. 403, and it appearing that UHS Delaware's argues, *in essentia,* that the court's analysis (and

ultimate denial) of United Health Services' summary judgment motion on its junior user defense precludes United Health Services from introducing certain evidence in support of that defense at trial, and argues specifically that the court "categorically" rejected two types of evidence, to wit: evidence of United Health Services' domain name, and third-party newspaper references to "UHS," as insufficient to establish the junior user defense, but the court observing that UHS Delaware's argument misapprehends the court's discussion of this evidence at summary judgment, at which juncture the court was bound to and did "[c]onstru[e] the Rule 56 record in favor of UHS Delaware" as the nonmoving party, (Doc. 235 at 34), and wherein the court held only that United Health Services' evidence of isolated, third-party newspaper references and its registered URL address, without evidence of an intent thereby to preserve or commercially exploit the "UHS" trademark, did not independently suffice to entitle United Health Services to judgment, especially when measured against ample competing evidence presented by UHS Delaware, (see id. at 33-34), but wherein the court also observed that third-party newspaper references may combine with "independent commercial use of the mark by the owner" to establish continued use, (id. at 33 (citing Nat'l Cable Television Ass'n, Inc. v. Am. Cinema Editors, Inc., 937 F.2d 1572, 1577-78 (Fed. Cir. 1991); Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc., No. 01-2950, 2005 WL 2148925, at *7 (S.D.N.Y. Sept. 6, 2005))), and that a URL address may couple with evidence that a trademark owner intended the domain name to identify the source of the services to show ongoing use, (id. at 32 (citing Lockheed Martin Corp. v. Network

Solutions, Inc., 985 F. Supp. 949, 956 (C.D. Cal. 1997); 5 J. THOMAS MCCARTHY, TRADEMARKS AND UNFAIR COMPETITION § 25A:18 (4th ed. 2016))), and the court concluding that the newspaper and domain name evidence proffered by United Health Services remains relevant to United Health Services' junior user defense, and concerning UHS Delaware's argument that this evidence, in particular United Health Services' domain name, has the potential to mislead or confuse the trier of fact, the court noting that this matter will be tried as a bench trial rather than by jury, and that, in the bench trial context, Rule 403 is generally inapplicable, because the judge is unlikely to be misled or confused by legal or factual nuance and is able to objectively assess probative value and reject any improper inferences, see Suter v. Gen. Accident Ins. Co. of Am., 424 F. Supp. 2d 781, 790-91 (D.N.J. 2006) (citations omitted), and the court thus determining that Rule 403 does not bar admission of the newspaper and domain name evidence, it is hereby ORDERED that UHS Delaware's motion (Doc. 250) *in limine* is DENIED.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania