IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UHS OF DELAWARE, INC.,** : | CIVIL ACTION NO. 1:12-CV-485 |
| : | |
| Plaintiff : | (Chief Judge Conner) |
| : | |
| v. : | |
| : | |
| **UNITED HEALTH SERVICES,** : | |
| **INC.,** *et al.*, : | |
| : | |
| Defendants : | |

### ORDER

AND NOW, this 8th day of March, 2017, upon consideration of the motion (Doc. 174) *in limine* by plaintiff UHS of Delaware, Inc. ("UHS Delaware"), seeking to exclude evidence and argument contradicting the court's ruling that defendants are alter egos of one another and specifically asking the court to apply the law of the case doctrine or judicial estoppel principles to preclude relitigation of the court's Rule 12(b)(2) ruling, wherein the court examined the jurisdictional evidence and concluded that defendants United Health Services, Inc., United Health Services Hospitals, Inc., Professional Home Care, Inc., Twin Tier Home Health, Inc., Ideal Senior Living Center, Inc., Ideal Senior Living Center Housing Corporation, Inc., Delaware Valley Hospital, Inc., and United Medical Associates (collectively "United Health Services"), are alter egos of one another for jurisdictional purposes, (see Doc. 108 at 9-33, 35), and further upon consideration of United Health Services' response, acknowledging that the court has already resolved the issue of alter ego jurisdiction and that the jurisdictional ruling "is the law of the case," but rejoining that the test for alter ego jurisdiction differs from the test for alter ego liability,

which question remains to be decided, (see Doc. 210 at 4-8), and the court noting that, under the law of the case doctrine, once an issue is decided, it shall not be relitigated in the same case except under "extraordinary" circumstances, ACLU v. Mukasey, 534 F.3d 181, 187-88 (3d Cir. 2008); Todd & Co., Inc. v. SEC, 637 F.2d 154, 156 (3d Cir. 1980), but that the rule only applies when the "*same issues*" are concerned, Mukasey, 534 F.3d at 187 (emphasis added), and the court observing that, although factors examined in an alter ego liability inquiry "are similar" to those explored in a jurisdictional analysis, *In re* Chocolate Confectionary Antitrust Litig., 602 F. Supp. 2d 538, 570 (M.D. Pa. 2009), the two tests are in fact materially distinct,[1] and, indeed, that the juridical consensus within the Third Circuit Court of Appeals is that the alter ego test for attribution of jurisdictional contacts is "less

---

[1] Our jurisdictional analysis *sub judice* explored the following considerations: ownership of subsidiary stock; commonality of officers; shared managerial and supervisory personnel; marketing image and brand uniformity; common logos or trademarks; shared employees and services; centralized control; and managerial structure. (Doc. 108 at 8, 10-33). Alter ego liability, *per contra*, requires evidence of "gross undercapitalization, failure to observe corporate formalities, nonpayment of dividends, insolvency of debtor corporation, siphoning of funds from the debtor corporation by the dominant stockholder, nonfunctioning of officers and directors, absence of corporate records, and whether the corporation is merely a facade for the operations of the dominant stockholder." Pearson v. Component Tech. Corp., 247 F.3d 471, 484-85 (3d Cir. 2001).

onerous" than the test for alter ego liability,[2] such that the two inquiries cannot be deemed the "same issue" for purposes of the law of the case doctrine, and the court thus concluding that factual findings previously rendered at the Rule 12(b)(2) stage may not be relitigated at this juncture barring "extraordinary" circumstances, see Mukasey, 534 F.3d at 187-88, but that UHS Delaware may not substitute the court's jurisdictional findings to satisfy its burden of proving that defendants are alter egos of one another for liability purposes, and the court further observing, with respect to UHS Delaware's estoppel argument, that judicial estoppel precludes a party from taking positions inconsistent with those taken earlier in the same action, see Ryan Ops. G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 358 (3d Cir. 1996), but that United Health Services has never conceded or posited that its healthcare system entities are alter egos of one another, and that the doctrine of judicial estoppel is thus inapplicable *sub judice*, it is hereby ORDERED that:

1. UHS Delaware's motion (Doc. 174) *in limine* to exclude evidence and argument contradicting the court's ruling that defendants are alter egos of one another is GRANTED to the extent that no party may relitigate the court's jurisdictional ruling at this juncture but DENIED in all other respects.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[2] See Sugartown Worldwide, LLC v. Shanks, 129 F. Supp. 3d 201, 205 (E.D. Pa. 2015) (collecting cases); see also Hooper v. Safety-Kleen Sys., Inc., No. 16-CV-123, 2016 WL 7212586, at *5 (W.D. Pa. Dec. 13, 2016) (citing *In re* Enterprise Rent-A-Car Wage & Hour Emp't Practices Litig., 735 F. Supp. 2d 277, 319 (W.D. Pa. 2010)); Del. & Hudson Ry. Co. v. Knoedler Mfrs., Inc., No. 11-314, 2015 WL 12791490, at *4 (W.D. Pa. Dec. 2, 2015) (same); Bell v. Fairmont Raffles Hotel Intern., No. 12-757, 2013 WL 6175717, at *3 (W.D. Pa. Nov. 25, 2013) (same).