# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UHS OF DELAWARE, INC., | : | CIVIL ACTION NO. 1:12-CV-485 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| UNITED HEALTH SERVICES, INC., *et al.*, | : | |
| Defendants | : | |

## ORDER

AND NOW, this 10th day of May, 2017, upon consideration of the motion (Doc. 176) *in limine* by plaintiff UHS of Delaware, Inc. ("UHS Delaware"), seeking to exclude testimony of Gary Krugman, Esquire ("Krugman"), an expert witness on the subject of trademark law retained by defendants United Health Services, Inc., United Health Services Hospitals, Inc., Professional Home Care, Inc., Twin Tier Home Health, Inc., Ideal Senior Living Center, Inc., Ideal Senior Living Center Housing Corporation, Inc., Delaware Valley Hospital, Inc., and United Medical Associates (collectively "United Health Services"), and the motion having been fully briefed and all parties thus having been heard by the court,[1] (Docs. 177, 216, 226), and the court observing that, pursuant to Federal Rule of Evidence 702, a witness

---

[1] United Health Services asserts as a threshold matter that UHS Delaware's motion is untimely. United Health Services cites the court's case management order for the proposition that all motions *in limine* based on Daubert must be filed within 30 days of receipt of the subject expert report. (Doc. 216 at 3). The court's order applies this accelerated deadline only to those motions "which require a Daubert hearing." (Doc. 38 ¶ 6(b)). UHS Delaware does not seek a Daubert hearing, nor do its arguments compel one. The instant motion is timely.

qualified as an expert may testify as to their opinion when: the expert's specialized knowledge will assist the trier of fact in understanding the evidence or determining a fact of consequence; the expert's testimony is grounded in sufficient facts or data; and the expert's opinion derives from reliable principles and methods and results from a reliable application of said principles to the facts of the case, FED. R. EVID. 702; see Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 588-89 (1993); In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 741-43 (3d Cir. 1994), and that Rule 702 has thus been described by the Third Circuit as embodying "a trilogy of restrictions on expert testimony," to wit: qualification, reliability, and fit, Schneider *ex rel.* Estate of Schneider v. Fried, 320 F.3d 396, 404 (3d Cir. 2003) (citing In re Paoli, 35 F.3d at 741-43), and the court, addressing each of Rule 702's requirements in turn, noting: *first*, with respect to Krugman's qualifications, that UHS Delaware does not dispute that Krugman is qualified to testify in the area of trademark law generally and procedure specifically, (see Doc. 226 at 1-2), and the court finding, upon review of Krugman's credentials and pursuant to the Third Circuit's mandate that courts "interpret the qualification requirement 'liberally,'" Waldorf v. Shuta, 142 F.3d 601, 625 (3d Cir. 1998), that Krugman is well-qualified to testify as an expert witness on the subjects of trademark law and procedure; *second*, with respect to the reliability of Krugman's principles, methods, and application, that UHS Delaware does not suggest that Krugman's report or anticipated testimony are unreliable, (see Doc. 226 at 1-2), and, following an independent review of Krugman's report, the court finding that same is grounded in sound methodology and an application of that methodology to the facts of this case and is thus reliable; and *third*, with respect

to the fitness of Krugman's report and testimony, the court observing that the question of fitness "goes primarily to relevance," Daubert, 509 U.S. at 591, and, that Rule 702 embraces a "liberal policy of admissibility," under which it is preferable to admit any evidence that may assist the factfinder, Pineda v. Ford Motor Co., 520 F.3d 237, 243 (3d Cir. 2008) (quoting Kannankeril v. Terminix Int'l, Inc., 128 F.3d 802, 806 (3d Cir. 1997)), and finding that Krugman's anticipated testimony in two specific areas is relevant to the likelihood of confusion analysis, namely the court's assessment of the strength of UHS Delaware's marks, and will be helpful to the court in the upcoming trial, that is: Krugman's opinions concerning (i) the effect of a crowded market on the strength of a mark and (ii) the effect of policing (or failing to police) a mark on the strength thereof; but finding that the balance of Krugman's anticipated testimony concerning (i) practice and procedure of the United States Patent and Trademark Office when examining a trademark application and (ii) the meaning and implications of a mark obtaining "incontestable" status, both of which are intended to "provide the jury a helpful understanding of a part of the case background," (Doc. 216 at 12), are neither relevant nor helpful *sub judice*, as the court is the trier of fact; and further, concerning UHS Delaware's argument that Krugman's testimony has the potential to mislead, prejudice, or confuse, the court noting that, in the bench trial context, Rule 403 is generally inapplicable, because a judge is unlikely to be misled or confused by legal or factual nuance and is able to

objectively assess probative value and reject any improper inferences, see Suter v. Gen. Accident Ins. Co. of Am., 424 F. Supp. 2d 781, 790-91 (D.N.J. 2006) (citations omitted), it is hereby ORDERED that:

1. UHS Delaware's motion (Doc. 176) *in limine* is GRANTED in part and DENIED in part as set forth in the following paragraphs.

2. Krugman's testimony shall be admissible at trial to the extent his testimony concerns the subjects of (i) the effect of a crowded market on the strength of a mark and (ii) the effect of policing (or failing to police) a mark on the strength of that mark.

3. Krugman's testimony shall be inadmissible at trial to the extent his testimony concerns (i) the practice and procedure of the United States Patent and Trademark Office when examining a trademark application and (ii) the legal meaning and implications of an "incontestable" designation.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania