# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UHS OF DELAWARE, INC.,** | : | CIVIL ACTION NO. 1:12-CV-485 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **UNITED HEALTH SERVICES, INC.,** *et al.*, | : | |
| Defendants | : | |

## ORDER

AND NOW, this 10th day of May, 2017, upon consideration of the motion (Doc. 194) *in limine* by plaintiff UHS of Delaware, Inc. ("UHS Delaware"), seeking to exclude testimony of Dr. John Schneider ("Dr. Schneider"), an expert witness on the subject of healthcare economics retained by defendants United Health Services, Inc., United Health Services Hospitals, Inc., Professional Home Care, Inc., Twin Tier Home Health, Inc., Ideal Senior Living Center, Inc., Ideal Senior Living Center Housing Corporation, Inc., Delaware Valley Hospital, Inc., and United Medical Associates (collectively "United Health Services"), and the motion having been fully briefed and all parties thus having been heard by the court,[1] (Docs. 195, 217, 228), and the court observing that, pursuant to Federal Rule of Evidence 702, a witness

---

[1] United Health Services asserts as a threshold matter that UHS Delaware's motion is untimely. United Health Services cites the court's case management order for the proposition that all motions *in limine* based on Daubert must be filed within 30 days of receipt of the subject expert report. (Doc. 217 at 2). The court's order applies this accelerated deadline only to those motions "which require a Daubert hearing." (Doc. 38 ¶ 6(b)). UHS Delaware does not seek a Daubert hearing, nor do its arguments compel one. The instant motion is timely.

qualified as an expert may testify as to their opinion when: the expert's specialized knowledge will assist the trier of fact in understanding the evidence or determining a fact of consequence; the expert's testimony is grounded in sufficient facts or data; and the expert's opinion derives from reliable principles and methods and results from a reliable application of said principles to the facts of the case, FED. R. EVID. 702; see Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 588-89 (1993); In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 741-43 (3d Cir. 1994), and that Rule 702 has thus been described by the Third Circuit as embodying "a trilogy of restrictions on expert testimony," to wit: qualification, reliability, and fit, Schneider *ex rel.* Estate of Schneider v. Fried, 320 F.3d 396, 404 (3d Cir. 2003) (citing In re Paoli, 35 F.3d at 741-43), and the court, addressing each of Rule 702's requirements in turn, noting: *first*, with respect to Dr. Schneider's qualifications, that UHS Delaware does not dispute that Dr. Schneider is qualified in the area of healthcare economics, (Doc. 228 at 5), and the court finding, upon review of Dr. Schneider's curriculum vitae, and pursuant to the Third Circuit's mandate that courts "interpret the qualification requirement 'liberally,'" Waldorf v. Shuta, 142 F.3d 601, 625 (3d Cir. 1998), that Dr. Schneider is well-qualified to testify as an expert witness in the area of healthcare economics; *second*, with respect to the reliability of Dr. Schneider's opinions, that UHS Delaware remonstrates that Dr. Schneider's report and anticipated testimony are "unreliable" because (i) Dr. Schneider's conclusions as to the localized nature of healthcare markets, specifically as between not-for-profit and for-profit healthcare systems, are "based on speculation derived from his assumptions about generalized health[]care theory and not reliably based on the record evidence," (Doc. 195 at 8);

2

(ii) Dr. Schneider failed to conduct sufficient research, including patient surveys, to render opinions concerning the distance patients are willing to travel for health services generally and "ignor[ed] the specialized behavioral services" that UHS Delaware provides in his analysis, (id. at 9-10); (iii) Dr. Schneider failed to examine UHS Delaware's actual insurance network or providers before opining that "narrow networks" exist which dissuade prospective patients from seeking out-of-network care, (id. at 10-11); and (iv) Dr. Schneider did not "review the necessary data" before concluding that "there is only trivial patient flow" from UHS Delaware's subsidiary markets to United Health Services' market areas, (Doc. 228 at 11-12); and the court mindful that the standard for measuring reliability is "relatively low," Arlington Indus., Inc. v. Bridgeport Fittings, Inc., 658 F. Supp. 2d 630, 635 (M.D. Pa. 2009) (quoting In re TMI Litig., 193 F.3d 613, 665 (3d Cir. 1999)), and that the basis for an expert opinion "does not have to be perfect," In re TMI Litig., 193 F.3d at 665 (quoting In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 744 (3d Cir. 1994)), and, following a review of Dr. Schneider's report, the court in agreement with UHS Delaware that Dr. Schneider's opinions with respect to consumer choice and competition anent managed care network restrictions lack an "objective anchor" tethering his conclusion—that providers outside of the local market will be "too far" and "too expensive" due to higher out-of-network copays—to the facts of this case, see Pease v. Lycoming Engines, No. 4:10-CV-843, 2011 WL 6339833, at *10 (M.D. Pa. Dec. 19, 2011) (quoting Booth v. Black & Decker, Inc., 166 F. Supp. 2d 215, 218-22 (E.D. Pa. 2001)), based upon Dr. Schneider's concession that he did not examine the parties' networks to determine whether they are subject to geographic or other

3

limitations or whether those limitations impact patient choice, but instead relied on generalized assumptions, (see Doc. 195, Ex. B, Schneider Dep. 148:17-154:4, May 17, 2016), but the court otherwise finding that the balance of Dr. Schneider's report is grounded in sound methods and principles and an application of same to the facts of this case, and thus finding that Dr. Schneider's report and anticipated testimony are reliable except to the limited extent stated *supra*, and further finding that UHS Delaware's concerns as to foundation for and merits of Dr. Schneider's opinions go to weight but not admissibility thereof, and that UHS may properly explore those concerns during cross-examination at trial; and *third*, with respect to the fitness of Dr. Schneider's report and anticipated testimony, that UHS Delaware charges that Dr. Schneider has erroneously conflated antitrust market competition and market power principles with the trademark dispute *sub judice*, (Doc. 195 at 6-8), and the court observing that the question of fitness "goes primarily to relevance," Daubert, 509 U.S. at 591, and that Rule 702 embraces a "liberal policy of admissibility," under which it is preferable to admit any evidence that may assist the factfinder, Pineda v. Ford Motor Co., 520 F.3d 237, 243 (3d Cir. 2008) (quoting Kannankeril v. Terminix Int'l, Inc., 128 F.3d 802, 806 (3d Cir. 1997)), and the court further observing that UHS Delaware itself has asserted throughout this litigation that the parties are "direct" competitors, offering hospital and healthcare-related services "in an overlapping market to the same consumers," (Doc. 170-10 at 7-9), such that United Health Services is entitled to defend against UHS Delaware's theory with the expert testimony of Dr. Schneider, and the court finding that Dr. Schneider's analysis of

the existence or extent of market overlap and the degree of competition between the parties is directly relevant to the court's likelihood of confusion analysis, except to the extent his report references profit margin differentiation between not-for-profit and for-profit healthcare systems, (see Doc. 195, Ex. A at 6), which does not bear on our inquiry into the purported geographic division of healthcare markets, and the court thus concluding that, except as stated herein, Dr. Schneider's expert testimony shall be admissible at trial; and lastly, concerning UHS Delaware's argument that Dr. Schneider's testimony has the potential to mislead, prejudice, or confuse the trier of fact, the court noting that this matter will be tried as a bench trial rather than by jury, and that, in the bench trial context, Rule 403 is generally inapplicable, because a judge is not likely to be misled or confused by legal or factual nuance and is able to objectively assess probative value and reject improper inferences, see Suter v. Gen. Accident Ins. Co. of Am., 424 F. Supp. 2d 781, 790-91 (D.N.J. 2006) (citations omitted), it is hereby ORDERED that:

1. UHS Delaware's motion (Doc. 194) *in limine* is GRANTED in part and DENIED in part as set forth in the following paragraphs.

2. Dr. Schneider's testimony shall be inadmissible at trial to the extent Dr. Schneider offers opinions: (i) with respect to the profit margin differentiation between not-for-profit and for-profit healthcare systems and (ii) with respect to consumer choice and competition anent managed care network restrictions.

3. Dr. Schneider's testimony shall otherwise be admissible at trial.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania