# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UHS OF DELAWARE, INC., | : | CIVIL ACTION NO. 1:12-CV-485 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| UNITED HEALTH SERVICES, INC., *et al.*, | : | |
| Defendants | : | |

## ORDER

AND NOW, this 10th day of May, 2017, upon consideration of the motion (Doc. 186) *in limine* by defendants United Health Services, Inc., United Health Services Hospitals, Inc., Professional Home Care, Inc., Twin Tier Home Health, Inc., Ideal Senior Living Center, Inc., Ideal Senior Living Center Housing Corporation, Inc., Delaware Valley Hospital, Inc., and United Medical Associates (collectively herein "defendants"), seeking to preclude and to strike certain portions of the expert reports and proposed expert testimony offered by plaintiff UHS of Delaware, Inc. ("UHS Delaware"), wherein defendants argue: *first*, that rebuttal experts Zachary Dyckman, Ph.D. ("Dr. Dyckman"), and Robert F. Cissel ("Cissel") may testify as rebuttal witnesses only and may not testify during UHS Delaware's case in chief; *second*, that non-rebuttal portions of Dr. Dyckman's and Cissel's expert reports must be stricken; *third*, that rebuttal experts may not testify as to issues on which UHS Delaware bears the burden of proof, *viz.*, the Lapp[1] factors and the ultimate likelihood of confusion inquiry; *fourth*, that experts may not testify

---

[1] Interpace Corp. v. Lapp, Inc., 721 F.2d 460 (3d Cir. 1983).

about the state of the law or offer legal opinion; and *fifth*, that UHS Delaware's damages expert must be precluded from offering rebuttal testimony at trial because she did not submit a rebuttal report, (Doc. 187 at 4-15), and the motion having been fully briefed and all parties having been heard by the court, (Docs. 187, 209, 230), and the court observing that, pursuant to Federal Rule of Evidence 702, a witness qualified as an expert may testify as to their opinion when: the expert's specialized knowledge will assist the trier of fact in understanding the evidence or determining a fact of consequence; the expert's testimony is grounded in sufficient facts or data; and the expert's opinion derives from reliable principles and methods and results from a reliable application of said principles to the facts of the case, see FED. R. EVID. 702; and it appearing that defendants oppugn not the rebuttal experts' qualifications, or the reliability or relevance of their testimony, but rather the propriety of offering their reports and testimony in "rebuttal" rather than as initial reports, (Doc. 187 at 4-14; see Doc. 143), and taking defendants' points in turn: *first*, as to defendants' argument that Dr. Dyckman and Cissel may only testify during the rebuttal case, the court noting that UHS Delaware agrees that its rebuttal witnesses will testify during the rebuttal case alone and will not testify during its case in chief, (Doc. 209 at 1); *second*, as to defendants' request that the court strike non-rebuttal portions of Cissel's report[2] and preclude testimony on non-rebuttal opinions, the court finding that certain of Cissel's opinions extend beyond rebuttal—to wit: his

---

[2] Defendants frame this section of their brief as a challenge to both rebuttal reports for containing "non-rebuttal" opinions. (See Doc. 187 at 5). Defendants fail to identify any portion of Dr. Dyckman's report which they deem beyond the scope of proper rebuttal. (See Doc. 187 at 5-6; Doc. 230 at 2-4). The court considers this argument as pertains Cissel alone.

2

conclusions that (i) UHS Delaware's marks are "widely regarded," (ii) defendants are "infringers" of UHS Delaware's marks, and (iii) confusion is "inevitable"— and neither directly nor indirectly respond to the opinions of defendants' expert, Gary Krugman, Esquire ("Krugman"), and must thus be excluded at trial, but that Cissel properly responds to Krugman's opinions regarding strength of UHS Delaware's marks, specifically (i) the effect of a crowded market and (ii) the effect of policing (or failing to police) a mark on the strength thereof,[3] and as to defendants' request that the court strike the improper portions of the reports, the court noting that UHS Delaware will not enter the reports into evidence at trial, (Doc. 209 at 3-4), mooting the need to strike same; *third*, as to defendants' argument that Dr. Dyckman and Cissel may not testify as to any Lapp factor, because UHS Delaware bears the burden of proof with respect to the likelihood of confusion inquiry and elected not to retain initial experts in support of that burden, and may not now use rebuttal experts to "sneak in" such evidence, the court observing that "it is not improper to admit evidence in rebuttal which also supports plaintiffs' case in chief" when such evidence "contradicts evidence admitted in defendant's case in chief," Olsen v. United States, 521 F. Supp. 59, 69 (E.D. Pa. 1981), and that UHS Delaware must have the opportunity to respond to evidence and opinions rendered in the first instance by defendants' experts, and thus finding that Cissel may testify in rebuttal to Krugman as to the topics identified *supra*, and Dr. Dyckman may testify in

---

[3] The parties dispute whether Krugman actually reaches a conclusion on the issues of mark strength or whether a crowded market or a failure to police against infringement weaken UHS Delaware's marks. Krugman does not state unequivocal conclusions, but he does imply them. Defendants may offer Cissel's testimony in answer to Krugman's implicit conclusions.

3

rebuttal to defendants' expert, Dr. John Schneider ("Dr. Schneider"), as to the following: competition in the healthcare market, generally and specific to behavioral health facilities, and as between not-for-profit and for-profit healthcare systems, each of which directly responds to Dr. Schneider's opinions, notwithstanding that said testimony may support UHS Delaware's case in chief or inform the court's <u>Lapp</u> factor analysis,[4] <u>see</u> <u>Olsen</u>, 521 F. Supp. at 69, but that Dr. Dyckman need not rebut Dr. Schneider's opinion concerning profit margin differentiation among not-for-profit and for-profit healthcare systems or financial disincentives to patient choice resulting from network restrictions because the court precluded Dr. Schneider's opinion on the same topics by separate order of today's date; *fourth*, as to defendants' argument that Dr. Dyckman and Cissel may not testify about the law or offer legal opinion, the court observing that that UHS Delaware agrees that its rebuttal witnesses will not testify about the law or provide legal conclusions, (Doc. 209 at 10-11), and that such rebuttal is unnecessary given the court's separate order of today's date excluding Krugman's contextual testimony on issues of trademark law and procedure; and *fifth*, as to defendants' argument that Laura B. Stamm ("Stamm"), UHS Delaware's affirmative damages expert, must be precluded from providing rebuttal testimony at trial because she did not submit a rebuttal expert report, the court observing that UHS Delaware

---

[4] Defendants assert that, during his deposition, Dr. Dyckman indicated a willingness to explore other <u>Lapp</u> factors, such as the level of care consumers use in selecting healthcare services, if asked at trial. (<u>See</u> Doc. 187 at 9). To the extent Dr. Dyckman intends to offer any opinion beyond that expressed in his rebuttal report and authorized herein, that opinion shall be inadmissible at trial. <u>See</u> FED. R. CIV. P. 26(a)(2)(A)-(B).

agrees not to "extend [Stamm's] testimony" beyond her initial report, but that Stamm may endeavor to respond to a "few points of disagreement she had" with defendants' expert, (Doc. 209 at 12-13), and the court concluding that UHS Delaware may call Stamm in both its case in chief and its rebuttal case but that Stamm's testimony must be limited to the facts, data, and reasoning contained in the four corners of her initial report, see FED. R. CIV. P. 26(a)(2)(A)-(B); and lastly, the court determining that, because this matter shall proceed as a bench trial rather than before a jury, any further nuance or objection as pertains the parties' experts may be addressed at the time of trial, it is hereby ORDERED that:

1. UHS Delaware's motion (Doc. 186) *in limine* is GRANTED in part and DENIED in part as set forth in the following paragraphs.

2. Dr. Dyckman and Cissel shall not testify during UHS Delaware's case in chief and may testify during the rebuttal case only.

3. Cissel's opinions that UHS Delaware's marks are "widely regarded," that defendants are "infringers" of UHS Delaware's marks, and that consumer confusion is "inevitable" are improper rebuttal and shall be inadmissible at trial.

4. Cissel's commentary on and opinions concerning the general nature of trademark law shall be inadmissible at trial.

5. Cissel's opinions regarding the strength of UHS Delaware's marks, specifically the effect of a crowded market and the effect of policing (or failing to police) a mark on the strength thereof, are proper rebuttal and shall be admissible at trial.

6. Dr. Dyckman's opinions regarding profit margin differentiation between not-for-profit and for-profit healthcare systems or financial disincentives to patient choice resulting from network restrictions are improper rebuttal and shall be inadmissible at trial.

7. Dr. Dyckman's opinions regarding competition in the healthcare market, generally and specific to behavioral health facilities, and as between not-for-profit and for-profit healthcare systems, is proper rebuttal and shall be admissible at trial.

8. Stamm's opinion testimony concerning damages shall be admissible both during UHS Delaware's case in chief and in its rebuttal case but shall be limited to the facts, data, and reasoning contained in the four corners of her initial report.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania